227 So.2d 232 (1969)
Marion BECKOM, Appellant,
v.
STATE of Florida, Appellee.
No. 69-23.
District Court of Appeal of Florida. Second District.
October 15, 1969.
*233 Walter R. Talley, Public Defender, Bradenton, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Acting Chief Judge.
Appellant Marion Beckom appeals to this Court from a judgment of conviction and sentence to life imprisonment entered against him by the Circuit Court for Sarasota County.
On December 13, 1968, Beckom pleaded guilty and was sentenced to eight years imprisonment upon an information charging him with armed robbery. A few days thereafter he was allegedly involved in an escape attempt from the local county jail, and on January 3, 1969, he was again produced before the circuit court and was resentenced to life imprisonment. Upon this appeal, from the latter sentence, he challenged the second adjudication and sentence, contending that he had already started serving his first sentence when the jail incident happened and the circuit court thereafter lacked authority to bring him back and increase his sentence, even though it was during the same term of court. He also contends that his constitutional rights were violated when the court imposed the second sentence of life imprisonment against him for a reason that was not related to the original charge of armed robbery, namely, the attempted escape incident. However, since we are of the opinion for the reasons set forth below that the second adjudication and sentence were improper under Florida law, we do not find it necessary to discuss the merits of appellant's argument based on the United States Constitution.
Beckom contends that when he was sentenced to eight years imprisonment on December 13, 1968, and then was brought back before the court on January 3, 1968, he had already begun serving his December sentence, and therefore his January 3rd sentence to life imprisonment was unauthorized and illegal. In Smith v. Brown, 1938, 135 Fla. 830, 832, 185 So. 732, 733, our Supreme Court approved the following portion of 8 R.C.L. § 247 as representing the weight of authority on the matter:
"The rule seems to be well established that the trial court is without power to set aside a criminal judgment after it has been partly satisfied by the defendant, and impose a new or different judgment increasing the punishment, even at the same term of court at which the original judgment was imposed."
The State counters that since appellant was sentenced by the trial judge to eight years imprisonment in the State prison in conformance with Fla. Stat. § 813.011, 1967, F.S.A., and the only place appellant was incarcerated prior to the second sentencing was in the County jail, his sentence had not been partially satisfied and the re-sentencing is therefore valid.
We are unable to accept the State's position. Fla. Stat. § 921.161, 1967, F.S.A., provides that a person sentenced to imprisonment in the custody of the division of corrections, as was appellant, shall receive credit for time spent in the county jail between sentencing and delivery into the *234 custody of the division toward the fulfillment of the entire sentence. In addition to presenting grave constitutional problems, as discussed in Deutschmann v. United States, 9th Cir.1958, 254 F.2d 487, 489; Brown v. State, Ct.App. 1965, 237 Md. 492, 207 A.2d 103; 24 C.J.S. Criminal Law § 1589, 1961, to say that one coming within the purview of this statute has not begun serving his sentence or has not partly satisfied the judgment is to deal with semantics rather than substance. Fla. Stat. § 921.161, 1967, enacted in 1961, F.S.A., clearly supersedes in its effect here the holding of cases such as Sinclair v. State, Fla.App. 1957, 99 So.2d 238, and Dettmer v. Mayo, Fla. 1952, 61 So.2d 192, that a sentence begins to run from the date the sheriff has had a reasonable time to effectuate a transfer of the prisoner from the county jail to the state prison.
The order re-sentencing appellant to life imprisonment under the judgment of conviction for armed robbery is therefore reversed and remanded with directions to enter sentence not to exceed the original sentence imposed.
McNULTY, J., concurs.
PIERCE, J., dissents.