283 So.2d 857 (1973)
Flazell TROUPE, Petitioner,
v.
The Honorable Ellen Morphonios ROWE and the Honorable Paul Baker, As Judges of the Criminal Court of Record, in and for Dade County, Florida, Respondents.
No. 42173.
Supreme Court of Florida.
July 5, 1973.
Rehearing Denied November 5, 1973.
Phillip A. Hubbart, Public Defender, and Thomas J. Morgan, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Barry Scott Richard and William L. Rogers, Asst. Attys. Gen., for respondents.
DEKLE, Justice.
This cause is before us on petition for writ of certiorari to the Third District Court of Appeal to review its opinion reported at 258 So.2d 528 (1972). Conflict is alleged with Beckom v. State, 227 So.2d 232 (Fla.App.2d 1969).
*858 On December 28, 1971, petitioner appeared before Judge Ellen Morphonios Rowe in the (then) Criminal Court of Record, Dade County, and entered pleas of guilty to two informations charging petitioner with breaking and entering and grand larceny. There had been "plea bargaining" between defendant's attorney and the State Attorney's office.[1] They were agreed upon a sentence of 30 days in the county jail (partially served) followed by two years' probation; their differences were (1) the defendant's desire for a "finding" of guilt rather than the stigmatizing adjudication, and (2) the resulting benefit of allowing defendant to remain in the army after his release; whereas the state was insistent upon an adjudication of such serious crimes.
The able trial judge weighed these factors, rejected the state's insistence on adjudication and expressly chose to "go with" the defendant's position of a finding only, in order to return him to military duty. As the judge put it, "I would rather see him in the streets of Vietnam than on our streets." She thereupon sentenced the defendant accordingly on the two counts and the entire matter was concluded with the usual inquiry that defendant fully understood his rights in the matter for purposes of the record, with the final firm admonition from the court directed to the defendant in the following terms:
"If you violate probation, if you blow your military career, if you get in any trouble, if you come back before me, you are flat going to prison and for a long time, you know that?
"THE DEFENDANT: Yes, ma'am."
The court further expressly made it clear in stating with regard to her decision that: "I'm entering a finding over their objection."
The record then shows:
"Thereupon, a recess was taken, during which time other court proceedings were had, following which the hearing resumed."
The record proceeds with a second assistant state attorney appearing before the court:
"Your Honor, we need to return a moment to Flazell Troupe.
"THE COURT: Now what?"
The new assistant state attorney reiterated the State's vehement objection to a "finding" rather than an adjudication as it had already insisted. Then ensued a lengthy rehash of the earlier proceedings regarding the adjudication which the court had rejected. Ultimately, the court, exasperated, commented: "There has been a breakdown in communications. I suggest the plea be completely set aside and go to trial." There followed more lengthy discussion and the restatement of the court's view that she still felt the same way as before.
The court also made it perfectly clear in this reiteration of the matter that the court had made its own independent ruling when Mr. Dubitski (the second assistant) referred again to the State's insistence on an adjudication of guilt and the court, referring to the earlier hearing, replied:
"[The State] objected violently. I set the `finding' because I do not want this young man on the streets of Dade County."
There can be no doubt but what the court had made an express ruling and had sentenced the defendant. What later ensued was more in the nature of a "rehearing" rather than a "resumption" of a continued hearing. A final, conclusive judgment and sentence had been pronounced before such "resumption." In this posture, a defendant cannot be recalled because of a different assistant state attorney wishing further to pursue his insistence upon an adjudication being made and thereupon to reopen the case without so much as a formal motion to vacate the sentence, although *859 in the oral colloquy before the bench and at the court's "invitation" there was finally a response by the new assistant state attorney that, "The State certainly moves to that effect, Judge." This is the basis upon which the court set aside the sentence, stating:
"I'm setting aside the adjudication and sentence and permitting the defendant or arbitrarily on his behalf withdrawing his guilty plea ..."
The court thereupon set a new trial date because the State represented that one of its key witnesses, upon learning that guilty pleas would be entered, had left town. The defendant was not even heard on such summary continuance.
Petitioner filed a suggestion for writ of prohibition in the district court and upon its denial filed this petition for writ of certiorari, urging conflict with Beckom.
This Court has consistently held that a trial judge in a criminal case may modify the sentence imposed upon a defendant during the same term of court, but this rule is subject of course to the constitutional guaranty against double jeopardy. Such constitutional guaranty is mainly designed to prevent a second punishment for the same crime.
"Hence, when a court has imposed a fine and imprisonment, where the statute only conferred power to punish by fine or imprisonment, and the fine has been paid, it cannot, even during the same term, modify the judgment by imposing imprisonment instead of the former sentence."
(Syllabus, Note 6)
Ex Parte Lange, 18 Wall. 163, 21 L.Ed. 872 (1874); Cf. United States v. Benz, 282 U.S. 304, 306, 51 S.Ct. 113, 114, 75 L.Ed. 364 (1931).
In Benz the court held:
"The distinction that the court during the same term may amend a sentence so as to mitigate the punishment, but not so as to increase it, is not based upon the ground that the court has lost control of the judgment in the latter case, but upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall `be subject for the same offence to be twice put in jeopardy of life or limb'. This is the basis of the decision in Ex Parte Lange, supra."
In Beckom the court alluded to this constitutional prohibition while reversing the trial judge's sentence which increased the previously imposed penalty. The court cited Deutschmann v. U.S., 254 F.2d 487 (9th Cir.1958) which unequivocally held that: "It is unconstitutional to increase a sentence after the prisoner began serving it."
We also have the involvement here of a guilty plea having been accepted by the court which cannot lightly be withdrawn, particularly, as here, where it was not a withdrawal by the defendant who in fact objected to any withdrawal of his plea and the sentence thereon. The court instead "arbitrarily" (the court's own word) literally "handed the guilty pleas back" to the defendant. This Court in Ray v. State, 231 So.2d 813 (Fla. 1970), stated:
"This jurisdiction [Florida] adheres to the general rule that a plea of guilty entered to a valid criminal charge in either an indictment or information in a court of competent jurisdiction does, upon acceptance, raise the bar of former jeopardy against another prosecution for an offense based on the same transaction. See Reyes v. Kelly (Fla.App. 1967), 204 So.2d 534, reversed on other grounds, Fla., 224 So.2d 303."
Id. at 231 So.2d 814-815.
In the instant case, the fact reflect that a voluntary plea of guilty was entered and sentence imposed and the hearing concluded. The record also indicates that *860 there was no further contemplated hearing for that day in the cause; thus the matter was concluded for all purposes. Only then did a second assistant state attorney choose to inject himself into the case, to "take up the cudgel" anew and to re-argue the presentence issue of adjudication vs. "finding" of guilt upon which the trial judge had already emphatically ruled. Such indulgence is not the state attorney's privilege under these circumstances, nor can the court allow it. Our holding is consistent with Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), wherein our highest federal court in discussing "plea bargaining", said:
"The staff lawyers in a prosecutor's office have the burden of `letting the left hand know what the right hand is doing' or has done. That the breach of agreement was inadvertent does not lessen its impact."[2]
Jeopardy had attached in petitioner's case and the sentence which had been imposed could not thereafter be increased (as the second assistant state attorney's position would do) in violation of defendant's constitutional guaranty not to be twice placed in jeopardy.
Conflict is apparent with the asserted case of Beckom v. State, supra.
The district court opinion is quashed and the cause remanded for reinstatement of the trial judge's original sentences upon the pleas of guilty on the two offenses charged.
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.
ADKINS, J., agrees to conclusion.
ROBERTS, J., dissents with Opinion.
ROBERTS, Justice (dissenting):
On December 28, 1971, petitioner appeared before Judge Morphonios in the Criminal Court of Record, Dade County, and entered pleas of guilty to two informations charging petitioner with breaking and entering and grand larceny.
At the time petitioner entered his pleas, the State's Attorney commented that the state was recommending a sentence of thirty days in the county jail followed by two years probation. The state also objected to any withholding of adjudication.
The Court then indicated its intention to sentence petitioner to thirty days in the county jail on the breaking and entering charge and placed the case back on its calendar for mitigation at the end of the jail sentence. The purpose of the mitigation was to change the adjudication of guilt to a finding of guilt. This distinction between an adjudication and a finding would have had the practical effect of allowing petitioner to return to military duty. In the Court's words, "I would rather see him in the streets of Vietnam than on our streets."
Following a recess, during which time the Court took up other proceedings, a new State's Attorney appeared to voice objections to the sentence. The objection was that the State had never agreed to the adjudication being changed to a finding. After becoming convinced that the State's Attorney had never agreed to the change, the Court indicated that it would set aside the adjudication and sentence, withdraw petitioner's plea of guilty and transfer the case to respondent Judge Baker for trial.
Petitioner filed a suggestion for writ of prohibition in the district court and upon its denial filed this petition for writ of certiorari.
Petitioner's claim of conflict with Beckom v. State, 227 So.2d 232 (Fla.App. 1969), is founded on the presumption that *861 the petitioner's prison term began as soon as the first part of the sentence hearing was concluded. The accepted rule, which petitioner now argues, is that the trial court is without power to set aside a criminal judgment after it has been partly satisfied by the defendant and impose a new or different judgment even at the same term of court at which the original judgment was imposed. Smith v. Brown, 135 Fla. 830, 185 So. 732; see also Tanner v. Wiggins, 54 Fla. 203, 45 So. 459 and Beckom v. State, supra.
This Court has consistently held that a trial judge in a criminal case may modify the sentence imposed on a defendant during the same term of court, subject to the exception stated above. Tillman v. State, 58 Fla. 113, 50 So. 675 (1909); see also Lake v. State, 100 Fla. 373, 129 So. 827 (1930) and Perrin v. Enos, 56 So.2d 920 (Fla. 1951). Therefore, the issue before us is whether the facts of the present case bring it within the exception to the general rule.
The general test for whether execution of a sentence has begun is whether the prisoner has actually passed from the control of the court into the control of the executive.
We have as a part of the "record proper" in this case an affidavit executed by Judge Morphonios. As evidenced by the record, petitioner's sentence hearing was conducted in two parts, a recess being taken after which the hearing resumed. The petitioner was present during the entirety of the proceedings, and he was not committed to the custody of the sheriff until the conclusion of all the proceedings in his case that day. Then, he was merely awaiting trial since no sentence was finally imposed.
I cannot accept petitioner's contention that sitting in the courthouse during the time period between the two parts of the hearing amounted to serving a part of a sentence which was actually never imposed. Each case cited by petitioner fails to support his contention. Those cases represent the rule that a partially satisfied sentence cannot be set aside, so in citing them petitioner merely begs the question.
Petitioner also cites Ray v. State, 231 So.2d 813 (Fla. 1969) for the proposition that setting aside the sentence and holding petitioner for trial amounted to double jeopardy. In that case we held,
"... a plea of guilty entered to a valid criminal charge in either an indictment or information in a court of competent jurisdiction does, upon acceptance, raise the bar of former jeopardy against another prosecution for an offense based on the same transaction."
I find that decision inapplicable to the case at bar. The plea before us was never formally accepted. Prior to the recess the trial judge was certainly in the process of accepting the pleas and discussing the sentence, but until that portion of the proceedings was terminated, no plea was in fact or in law accepted.
Our trial judges should not be put into a position of refusing to discuss their cases with counsel for fear of having a part of the discussion interpreted as formal action, binding on the judge. See Reyes v. Kelly, 224 So.2d 303 (Fla. 1969) where this court required the existence of "judicial labor" before a plea could be said to be "accepted." Judicial labor has never meant mere oral communications between counsel and court without anything further.
It has long been the policy of this court to support a wide discretion in the trial judges' sentencing authority. Our sentencing system is dependent upon a highly qualified judiciary imposing criminal penalties based upon the judge's knowledge of the case and circumstances of the defendant. We should not let ourselves second-guess our trial judges who are trained and elected to perform this sentencing function.
Having determined that petitioner had not yet begun to serve any sentence, I would find that the district court properly denied the writ of prohibition.
NOTES
[1] Brown v. State, 245 So.2d 41 (Fla. 1971), approves "plea bargaining" agreements.
[2] Cf. State ex rel. Gutierrez v. Baker, 276 So.2d 470 (Fla. 1973).