335 So.2d 608 (1976)
Elliot KATZ, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1126.
District Court of Appeal of Florida, Second District.
July 9, 1976.
Jack O. Johnson, Public Defender, Steven H. Denman, Asst. Public Defender, and David S. Bergdoll, Research Asst., Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The issue presented by this appeal is whether the court has the power to increase a previously entered sentence upon the ground that the defendant perpetrated a fraud upon the court during the sentencing hearing.
Appellant pled guilty to auto theft. At the sentencing hearing, appellant and his wife made various false statements which clearly influenced the judge to give appellant a light sentence. A written sentence of six months to two years was entered.
Shortly thereafter, it came to the court's attention that certain statements made by appellant and his wife at the sentencing hearing were false and misleading. The following day, the judge brought appellant back before him, stating that he was reconsidering the sentence imposed. Expressing the belief that the appellant's behavior constituted a fraud upon the court, the judge imposed a new sentence of six months to four years. This is an appeal from the increased sentence.
The U.S. Supreme Court has held resentencing on the same charge to be a violation of the double jeopardy clause of the U.S. Constitution; Ex Parte Lange, 1874, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872; United States v. Benz, 1931, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354. The Florida Supreme Court expressly followed these opinions in Troupe v. Rowe, Fla. 1973, 283 So.2d 857. *609 The court quoted in part from Benz, stating:
"`The distinction that the court during the same term may amend a sentence so as to mitigate the punishment, but not so as to increase it, is not based upon the ground that the court has lost control of the judgment in the latter case, but upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb". This is the basis of the decision in Ex Parte Lange, supra.'"
It should be noted that RCrP 3.800 permits the reduction of a sentence within a limited period of time, but the rule does not purport to give the court the authority to increase a sentence. Once appellant began to serve his sentence, the court had no authority to resentence him to a longer prison term. Beckom v. State, Fla.App.2d, 1969, 227 So.2d 232. When the judge discovered the appellant's misrepresentations, the proper course to take was to hold him in contempt, or if the statements were made under oath, to recommend a charge of perjury. See Martin v. Case, Fla.App. 4th, 1970, 231 So.2d 279.
The sentence from which this appeal is taken is hereby vacated, and the case is remanded for the reinstatement of the original sentence.
McNULTY, C.J., and SCHEB, J., concur.