357 So.2d 265 (1978)
Juanita HARDWICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-2656.
District Court of Appeal of Florida, Third District.
April 11, 1978.
*266 Bennett H. Brummer, Public Defender and Kurt Marmar, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Steven Bolotin, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
The probationer, Juanita Hardwick, appeals a sentence imposed upon the revocation of her probation on the ground that because it was imposed after she had already been sentenced, it was, therefore, void because it placed her in double jeopardy for the violation. See Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976); and Beckom v. State, 227 So.2d 232 (Fla. 2d DCA 1969). We agree and, accordingly, reverse the sentence and remand the cause for the re-establishment of the first sentence.
At the probation violation hearing, the probationer admitted one of the alleged violations and the court orally sentenced her to serve one year in the county jail with provisions made for her drug problem and her pregnancy. A handwritten notation of the sentence was entered by the clerk and the defendant was turned over to officers of the Dade County Department of Correction and Rehabilitation to begin serving her sentence. Subsequent thereto, the defendant was guilty of misconduct in the courtroom which would constitute contempt.[1] Thereupon, the trial court vacated the first sentence and entered a new sentence for three years in the state penitentiary.
A defendant may be sentenced for a contempt committed in the presence of the court, but such a sentence must be entered pursuant to Fla.R.Crim.P. 3.830; and Manning v. State, 234 So.2d 16 (Fla. 2d DCA 1970). The contempt does not allow a reconsideration of the sentence already imposed. See the Troupe, Katz and Beckom cases cited above. Accordingly, the defendant's second sentence to three years in the state penitentiary is reversed and the cause is remanded to the trial court for the execution of the sentence of one year in the county jail as originally imposed. This decision does not bar such action as the court may find proper for the contempt committed.
Reversed and remanded with directions.
NOTES
[1] "THE COURT: Excuse me. Did I see what I thought I did? Did she hit you?

"THE PROBATION OFFICER: Yes.
"THE COURT: Do you have any reason that you can give to me why you shouldn't be held in contempt of this Court?
"There being no response, you are adjudicated in contempt of this Court. And in addition to the one year sentence heretofore imposed, that sentence is vacated. Sentence the defendant to three years in the state penitentiary. All right."