411 So.2d 875 (1981)
STATE of Florida, ex rel., Alvin MILLER, Petitioner,
v.
Honorable Maynard SWANSON, As Circuit Judge of the Sixth Judicial Circuit, Respondent.
No. 81-810.
District Court of Appeal of Florida, Second District.
August 5, 1981.
*876 Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo and Eula Tuttle Mason, Asst. Public Defenders, St. Petersburg, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for respondent.

ON MOTION FOR REHEARING
PER CURIAM.
In this original proceeding we decline to issue a writ of prohibition because we find no merit in petitioner's claim of a violation of his double jeopardy rights.
Petitioner was charged with first degree murder. The prosecutor and defense counsel entered into an agreement with the specific understanding that petitioner would receive a life sentence in exchange for a plea of guilty to a reduced charge of second degree murder. Petitioner entered a plea of guilty to second degree murder and the plea was accepted by the court. At the subsequent sentencing hearing a prosecutor other than the prosecutor with whom defense counsel had made the plea agreement was present. Petitioner was sentenced to a term of thirty years' imprisonment. Neither the prosecutor present nor defense counsel objected or notified the trial judge of the prior negotiated agreement for a life sentence. The state subsequently filed a motion to correct sentence which was granted by the court to the extent that petitioner's judgment and sentence were vacated. Petitioner was then given a choice: Be resentenced and receive the agreed-to life sentence on the original plea or withdraw the plea and stand trial on the first degree murder charge. Petitioner refused to accept either choice, whereupon the court vacated the plea.
Petitioner brought this petition for a writ of prohibition and a response and reply to response were filed in this court. On May 14, 1981, this court entered an order denying the petition. Thereafter, petitioner filed a motion for rehearing citing for the first time this court's decision in Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976). Although we think that Katz is not controlling, petitioner's argument merits discussion.
In Katz, the appellant entered a plea of guilty to auto theft and, after a sentencing hearing, he was given a sentence of six months to two years. Later the trial judge learned that the appellant and his wife had lied at the sentencing hearing to induce the judge into giving the appellant a light sentence. The trial judge then increased Katz's sentence. This court, citing Troupe v. Rowe, 283 So.2d 857 (Fla. 1973), held that such an increase in the sentence was invalid under the prohibition against double jeopardy. In Troupe, the trial judge withdrew a sentence already imposed after reconsidering a state objection to portions of the sentence. The trial judge had previously considered those objections and had agreed with the defendant's position when he entered the first sentence. In essence, the trial judge simply changed his mind. The Florida Supreme Court held that the trial judge was without authority to increase the sentence.
Thus, in Troupe the trial judge changed his mind because he considered the state's original objection, and in Katz the trial judge changed his mind because of new *877 evidence. In neither of these cases was there a failure to carry out a part of the original plea agreement. In contrast, the case before us involves the imposition of a sentence directly contrary to the negotiated plea agreement.
We find this case more closely akin to Brown v. State, 367 So.2d 616 (Fla. 1979). In that case the appellant pled guilty to second degree murder on condition that he testify against a codefendant. Appellant later refused to so testify. The trial judge vacated the plea and defendant was forced to go to trial. He was convicted of first degree murder. Our supreme court recognized that jeopardy had attached after acceptance of the guilty plea but held that the double jeopardy clause does not bar reprosecution of an accused who willfully refuses to perform a condition of the guilty plea. Here, the condition of the guilty plea was different (a specified sentence rather than a requirement to testify). There is no doubt that the life sentence in exchange for the reduced charge comprised the warp and woof of the agreement struck by the petitioner and the state. In this case defendant's argument to the trial court for a lesser sentence than that for which he specifically agreed, and his failure to disclose the bargain to the trial court is comparable to the defendant's failure to testify in Brown. In both cases defendant attempted to renege on the plea bargain by backing out of one of the specific conditions on which his agreement with the state was fashioned.
Petitioner was contractually bound to the life sentence (without a minimum mandatory twenty-five years) once the state lived up to its end of the bargain by reducing the charge from first to second degree murder. At that point the state forfeited the possibility of capital punishment or the minimum mandatory twenty-five year sentence required to be served when a life sentence is imposed upon a conviction of first degree murder. The declared policy of this state is to encourage plea negotiations and agreements. Fla.R.Crim.P. 3.171(a). Numerous cases have held that a defendant may withdraw his plea where the facts establish that the prosecution has violated the terms and conditions of a plea agreement. We think that works both ways if the declared policy of rule 3.171(a) is to be effective. Otherwise, the state would be hesitant to enter into plea agreements with an accused if the state were subject to losing the benefit of the bargain. Our supreme court has noted that a bargained guilty plea is in large part similar to a contract between society and the accused, entered into on the basis of a perceived "mutuality of advantage." Brown v. State, 367 So.2d at 622. That was surely the case here.
We hold that, although jeopardy attached when the trial court accepted petitioner's guilty plea, that fact does not bar petitioner's reprosecution. Accordingly, we adhere to our decision 404 So.2d 876, and deny the motion for rehearing.
BOARDMAN, A.C.J., and GRIMES and DANAHY, JJ., concur.