423 So.2d 437 (1982)
Kenneth LERMAN, Petitioner,
v.
The Honorable Lon S. CORNELIUS, As Circuit Judge of the Ninth Judicial Circuit of the State of Florida, Respondent.
No. 82-1214.
District Court of Appeal of Florida, Fifth District.
December 1, 1982.
Rehearing Denied December 21, 1982.
*438 Raymond L. Goodman, Orlando, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
The petitioner, Kenneth Lerman, seeks prohibition of the trial court from proceeding to trial on a charge against him of carrying a concealed firearm. Lerman contends that double jeopardy bars the trial because he was previously adjudicated and sentenced on the same offense. We disagree and deny the petition for writ of prohibition.
The facts are as follows: Lerman pled nolo contendere on June 2, 1982 to the charge. In proffering this plea to the court, Lerman's counsel stated the terms of the plea agreement to be that: the court would withhold adjudication of guilt, order a presentence investigation, and place a ninety-day cap on any county jail time imposed as a condition of probation. Counsel then said:
That ninety days can be changed to one year in the Orange County Jail if one of two things occurs: Mr. Lerman fails to appear for that sentencing date, and he will receive a copy of the notice today, or he is arrested between today and the sentencing date for anything that carries jail time.
The court accepted the proffered plea, ordered a pre-sentence investigation, and set sentencing for August 6, 1982. On June 29, 1982, Lerman was arrested and charged with possession of controlled substances.[1] On August 6, 1982, Lerman, accompanied by counsel, appeared for sentencing as scheduled. The trial court reviewed the pre-sentence investigation report, which did not contain the June arrest, and after an extended colloquy between the court and the defendant, the judge made the following statement:
I tell you right now, Mr. Lerman, I had a big question mark as to whether or not I was going to put you in jail today in this matter. I capped it out at ninety days. Since you do have a good record, I am not going to put you back in jail. If you violate your probation, you are probably going to jail for at least a year, and you could end up in the state penitentiary... .
It is clear from the record that the trial judge was unaware of the intervening arrest. The defendant was not asked whether he had been arrested in the interim between June 2 and August 6. Lerman represents that he answered the court's questions truthfully at the sentencing hearing on August 6. On advice of counsel, he did not volunteer information concerning his arrest on June 29, but states that he "was prepared to answer truthfully any questions concerning that matter had the Court sought to elicit information pertaining thereto." At the close of the sentencing hearing the court withheld adjudication, placed Lerman on four years probation with no conditional jail time, and imposed a $250.00 fine.
Upon becoming aware of Lerman's arrest, the trial judge, on August 19, 1982, sua sponte entered an order vacating both the plea entered June 2, 1982, and the sentence entered on August 6, 1982. The judge then scheduled the case for jury trial, and issued a capias for Lerman. It is this order which Lerman challenges by this petition.
Petitioner relies, inter alia, on the Florida Supreme Court case of Troupe v. Rowe, 283 So.2d 857 (Fla. 1973), to support his double jeopardy argument. Troupe held that when a final judgment and sentence have been pronounced, and the sentencing hearing concluded, the matter cannot be reopened merely upon the prosecutor's request for further argument. This, said the court, would violate the defendant's constitutional guaranty not to be twice placed in jeopardy.
*439 There is no doubt that jeopardy had already attached when the trial court discovered Lerman's arrest. However, the conclusion that jeopardy attached is not dispositive. In Brown v. State, 367 So.2d 616 (Fla. 1979), the court held that double jeopardy does not bar reprosecution of an accused who refuses to perform a condition of his guilty plea which has been accepted by the trial court on that basis. The defendant, Brown, entered a conditional guilty plea to second-degree murder, the condition being that he testify against another participant in the crime. He was originally charged with first-degree murder. When Brown refused to testify, the trial court vacated the plea, whereupon he was tried on a charge of first-degree murder.
Troupe is distinguishable from the instant case. In Troupe, the defendant did not breach his plea agreement nor make any misrepresentation, explicitly or by silence, to the trial court. Here, Lerman failed to comply with one of the terms by which the judge agreed to the 90-day cap on jail time, to-wit: not get arrested for anything carrying jail time. When the court sentenced Lerman, it presumed that he had not been arrested.
We believe this case is most analogous to State ex rel. Miller v. Swanson, 411 So.2d 875 (Fla. 2d DCA 1981). There, the prosecutor and defense counsel had agreed that the defendant would receive a life sentence in exchange for his plea of guilty to a reduced charge of second-degree murder. At the subsequent sentencing hearing, a prosecutor other than the prosecutor with whom the defense counsel had made the plea agreement was present. The judge sentenced Miller to 30 years' imprisonment, and neither party notified the judge of the prior agreement. Upon discovering the original agreement, the court vacated the plea. The Second District found that Miller's failure to disclose the bargain to the trial court was comparable to the defendant's failure to testify in Brown and held that double jeopardy did not bar reprosecution. Lerman's failure to disclose his arrest at the sentencing hearing amounted to a misrepresentation to the court of his compliance with the plea agreement.
Accordingly, we deny the petition for writ of prohibition.
DENIED.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] This case is apparently pending at this time.