430 So.2d 488 (1983)
Samuel E. RIZZO, Appellant,
v.
STATE of Florida, Appellee.
No. AL-406.
District Court of Appeal of Florida, First District.
March 29, 1983.
Rehearing Denied May 19, 1983.
Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of aiding and abetting the commission of a robbery with a firearm. We find that appellant has failed to present any point of reversible error, and we affirm the order appealed.
Appellant contends that the trial court erred by imposing a consecutive sentence after initially announcing that appellant's term of incarceration would "run concurrent with any and all sentences" under which appellant was then confined. At the conclusion of the initial sentencing colloquy appellant and his attorney both left the courtroom, appellant was fingerprinted, and a written sentence form was prepared in accordance with the court's pronouncement of a concurrent sentence. The sentencing proceeding was reconvened and, after obtaining the presence of appellant and the respective attorneys, the judge announced that he had intended to impose a consecutive, rather than concurrent, term of incarceration. The judge explained that he had apparently previously misspoken his sentencing intention; a consecutive term of imprisonment was then imposed.
It is well established that once a defendant has begun serving a lawfully-imposed sentence, the defendant may not thereafter be resentenced for an increased term of incarceration. See e.g., Pooley v. State, 403 So.2d 593 (Fla. 1st DCA 1981); Andrews v. State, 357 So.2d 489 (Fla. 1st DCA 1978). However, as the United States Supreme Court indicated in Bozza v. U.S., 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 *489 (1947), "the Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner," and as our own court has held in Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978), a trial court need not adhere to a sentence "merely because it has been announced." Accord, Kroll v. U.S., 433 F.2d 1282 (5th Cir.1970); Williams v. U.S., 422 F.2d 1318 (5th Cir.1970). The record in the present case does not suggest that the written judgment and sentence forms had been filed, or that appellant had commenced service of his sentence. Unlike Troupe v. Rowe, 283 So.2d 857 (Fla. 1973), the present case does not involve the abrogation of a judicially accepted negotiated plea agreement. In these circumstances it was not error for the trial judge to correct his earlier misstatement and impose a consecutive sentence in accordance with his original sentencing intention. See Williams v. U.S., supra; cf., Williams v. State, supra.
The order appealed is affirmed.
SHIVERS and JOANOS, JJ., concur.