WENTWORTH, Judge.
After being found guilty of robbing a convenience store, the appellant was adjudicated delinquent and committed to the Department of Health and Rehabilitative Services. The court further ordered that appellant be placed in the Boys’ School at Marianna. After a brief inquiry into the ability of appellant’s mother to make restitution, the following colloquy took place:
THE COURT: Okay ....
Next case.
MR. CONGDON [state attorney]: Quinton Brown and Odis Griffin.
MR. YOUNG [attorney for HRS]: Does the Court retain jurisdiction of [A.L.] THE COURT: Right. And I want you to note something else, that that was ordered that he be sent to Marianna, too. We’re going to test the new system. I want you to test that through HRS. MR. CUMMINGS: Judge, I’d like to object to you retaining jurisdiction on that. The next case had been called.
Appellant argues that the retention of jurisdiction constituted an improper enhancement of his sentence in violation of double jeopardy because the sentencing proceeding had been concluded. Assuming, without deciding, that a trial court’s retention of jurisdiction over an adjudicated delinquent constitutes an enhancement of sentence,[1] we find no error in this case. It is not clear that the sentencing proceeding had in fact been concluded by the court’s utterance of the words “next case.” However, it is clear that appellant had not begun to serve his sentence when the announcement was made. Under these circumstances, there was no error in the sentencing. See Rizzo v. State, 430 So.2d 488, 489 (Fla. 1st DCA 1983); Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978).
Affirmed.
BOOTH and THOMPSON, JJ., concur.

. In State v. Williams, 397 So.2d 663 (Fla. 1981), the trial court’s retention of jurisdiction over the first one third of a defendant’s sentence, pursuant to a statute enacted after the commission of his crime, was held to be an ex post facto violation in that it empowered the trial court to disregard the prisoner’s gain time credit when being considered for parole.