439 So.2d 998 (1983)
Carl John CHERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2365.
District Court of Appeal of Florida, Fourth District.
October 26, 1983.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a subsequently imposed sentence of five years which was imposed after appellant had begun serving a previously imposed sentence of three years. We hold that the trial court could not vacate the previous, legal sentence and remand for reinstatement of that sentence.
*999 Trafficking in cocaine, in the amount found in Section 893.135(1)(b)(3), Florida Statutes (1981), carries a minimum mandatory sentence of fifteen years imprisonment and a fine. Appellant was charged under this section, and appeared before the trial court on July 1, 1982, to enter a plea. At this first hearing, the state attorney indicated that because of his discussion with police, he would be filing a petition under Section 893.135(3), Florida Statutes (1981), asking the court to reduce the statutory minimum in Cherry's case because of substantial assistance to police. Later proceedings indicate that he did make the motion. The state attorney's recommendation at that time was a five year sentence, but with the possibility of reduction if the defendant rendered additional assistance. Appellant pled guilty, a plea apparently conditioned upon the state's petition under Section 893.135(3). The trial judge deferred sentencing to allow the appellant to attempt to render more assistance, thereby reducing his sentence further. The sentencing hearing which was to have occurred on September 9, 1982, was again deferred because Cherry failed to appear. The next proceedings of record were held October 26, 1982, when appellant surrendered himself for sentencing. Appellant was heard in mitigation of his sentence, and mentioned several unsuccessful attempts to assist law enforcement officials. The trial court, apparently responding to the effort, imposed a three-year sentence instead of the five years previously discussed. Appellant was then fingerprinted and began serving his sentence.
On November 2, 1982, after appellant had been serving his sentence for eight days, the trial court held a hearing on the state attorney's motion to correct sentence. The assistant state attorney reminded the trial judge of the September 9 hearing, during which, he claimed, the judge had said he was "inclined" to give appellant five years. These words are not found in the record of the September 9 hearing. The court thereupon found that there had been an agreed plea which was contravened by his mistake, and granted the motion to set the sentence aside. He then imposed a five year sentence upon appellant.
Florida Rule of Criminal Procedure 3.800(a) permits a court to correct an illegal sentence at any time. Complementary Florida Rule of Criminal Procedure 3.800(b) allows revision of a legal sentence, but only insofar as it reduces the sentence. The prosecutor's motion to correct the sentence was based on subsection (a) pertaining to illegal sentences. Evidently, the claimed illegality lay in the judge's failure to follow the agreement supposed to have been made on September 9. Additionally, the state attorney objected to his lack of notice and participation in the sentencing hearing.
A trial judge is not bound by any "inclination" in earlier proceedings, given the fact that the sentence is not final until the sentencing hearing ends, at the earliest, Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982). This fact is particularly true where, as here, the defendant's sentence was uncertain pending a decision regarding the amount of substantial assistance rendered. Nor does the state attorney's lack of notice render the first sentence vulnerable. In Troupe v. Rowe, 283 So.2d 857 (Fla. 1973), one assistant state attorney had participated in sentencing and had accepted the finding of guilt and the sentence. The Troupe court did not permit another assistant state attorney to come in and set aside the finding for an adjudication. In support, the court quoted Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971):
The staff lawyers in a prosecutor's office have the burden of `letting the left hand know what the right hand is doing' or has done. That the breach of agreement was inadvertent does not lessen its impact.
283 So.2d at 860 (footnote omitted).
Not suggested at the hearing, but suggested in appellee's brief, is the argument that the three year sentence was illegal because the judge did not follow the prosecutor's recommendation. Although, as appellee suggests, the prosecutor's opinion regarding the assistance provided and suggested sentence is important, the trial judge *1000 has the final decision on sentencing. State v. Benitez, 395 So.2d 514, 519 (Fla. 1981). Indeed, removal of this decision to the prosecutor's sphere would violate the Florida constitution's concept of separation of powers. Id. The participation of the state attorney is legally required under the statutory scheme under which defendant was charged, for a court may not reduce the statutory minimum sua sponte, State v. Taylor, 411 So.2d 993 (Fla. 4th DCA 1982). As the prosecutor realized, however, once a petition for reduction of the minimum has been filed under Section 893.135(3), the sentence is in the trial court's discretion. Benitez, 395 So.2d at 519. That the petition was made on July 1, 1982, was admitted by the prosecutor at the November 2, 1982, motion to correct sentence. The statutory minimum having been properly eliminated, and the trial judge's discretion having been properly exercised, the original sentence was legal. The Rules of Criminal Procedure did not therefore authorize a motion to increase the sentence.
In addition to lacking authority under the Florida Rules, an increase of a lawful sentence is expressly prohibited by Florida case law, grounded on the double jeopardy clause of the fifth amendment to the United States Constitution. See, e.g., Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980); Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980); Andrews v. State, 357 So.2d 489 (Fla. 1st DCA 1978); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977); Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976). The few instances where the increase has been upheld include Rizzo v. State, 430 So.2d 488 (Fla. 1st DCA 1983), where the judge was allowed to correct a slip of the tongue, even though it meant an enhanced sentence. In Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981), the original sentence was set aside because of a material mistake of law; and Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982) permitted an increased sentence where the addition occurred before the end of the sentencing hearing. None of these fact patterns is present here, so the general rule forbidding sentence increases must prevail.
HURLEY and WALDEN, JJ., concur.