DELL, Judge.
The state charged appellant with trafficking in cocaine and conspiracy to traffic in cocaine, each punishable by a mandatory minimum sentence of fifteen years. Appellant agreed to plead guilty to trafficking in cocaine in excess of four hundred grams and to render substantial assistance in the form of a statement to the prosecutor. In exchange, the state agreed to request the trial court to reduce appellant’s sentence to seven years and to nol-pros the conspiracy count. The trial court accepted the agreement and prior to appellant giving his statement to the prosecutor the trial court sentenced appellant to a mandatory seven years imprisonment. Two days after appellant began serving his sentence, he gave a statement which failed to reveal the source of the cocaine as he had agreed to do as part of the plea agreement.
The state made a motion to set aside the plea, arguing that appellant’s statement did not comply with the “substantial assistance” requirement in Section 893.135, Florida Statutes (1983), and that appellant was not entitled to a reduced sentence. The trial court granted the state’s motion, entered a plea of not guilty on behalf of appellant, and set a trial date. Before trial, appellant again pled guilty to trafficking in cocaine. The court accepted the plea and sentenced appellant to a mandatory minimum of fifteen years imprisonment. Appellant now appeals contending that his sentence is illegal as it violates double jeopardy principles.[1]
*64 We reverse on the authority of Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983). In Cherry we held that after pronouncement of a legal sentence, a court cannot grant a subsequent motion to increase the sentence based on the belief that a mistake in sentencing has occurred. In Cherry, the defendant rendered substantial assistance which reduced his sentence from fifteen years to five years. The trial court imposed a three year sentence which appellant began to serve. Eight days later, the state made a motion to correct the sentence which the trial court granted. The court then imposed a five year sentence upon appellant. We held that double jeopardy prohibited an increase in appellant’s lawful sentence, citing Troupe v. Rowe, 283 So.2d 857 (Fla.1973).
In Troupe v. Rowe, the trial court withdrew a sentence already imposed after reconsidering a state objection to portions of the sentence. The supreme court held that when a final judgment and sentence have been pronounced and the sentencing concluded, the matter cannot be reopened merely upon the state’s request for further argument as this would violate defendant’s constitutional right not to be placed in jeopardy twice. The state directs us to Brown v. State, 367 So.2d 616 (Fla.1979). In Brown, the court held that although jeopardy does indeed attach when the trial court accepts a defendant’s negotiated and conditional plea, the plea may be vacated if the defendant fails to perform a condition of his plea agreement. The state can then reprosecute. It must be noted that in Brown the defendant had not been sentenced when the court vacated his plea. This distinction is crucial to our understanding of these two cases. Since they deal with different stages of a criminal proceeding, one prior to sentencing and one after sentencing was completed, we see no conflict between them. Troupe v. Rowe has not been overruled by Brown, either expressly or impliedly.
We recognize that the decision reached by this court in Cherry and that which we reach today conflict with the decision of the Second District Court of Appeal in State ex rel. Miller v. Swanson, 411 So.2d 875 (Fla. 2d DCA 1981) and the decision reached by the Fifth District Court of Appeal in Lerman v. Cornelius, 423 So.2d 437 (Fla. 5th DCA 1982). In Swanson, the state and the defendant agreed to a life sentence in exchange for a plea of guilty to a reduced charge of second degree murder at a subsequent hearing. Neither the prosecutor present nor defense counsel objected or notified the trial judge of the prior negotiated agreement for a life sentence when the trial court sentenced the defendant to a term of thirty years. The trial court granted the state’s motion to correct the sentence. The Second District affirmed citing Brown, and concluded that:
Our supreme court has noted that a bargained guilty plea is in a large part similar to a contract between society and the accused, entered into on the basis of a perceived “mutuality of advantage.” Brown v. State, 367 So.2d at 622. That was surely the case here.
We hold that, although jeopardy attached when the trial court accepted petitioner’s guilty plea, that fact does not bar petitioner’s reprosecution.
Id. at 877.
In Lerman v. Cornelius, the trial court sentenced the defendant in accordance with a plea agreement. Upon learning that the defendant had breached the terms of the plea agreement, the trial court sua sponte entered an order vacating both the plea and the sentence which it had entered, and scheduled the case for jury trial. The defendant sought prohibition on double jeopardy grounds. The Fifth District recognized that jeopardy had already attached but denied prohibition on the authority of Brown and Swanson.
It appears that our sister courts view Brown, as overruling Troupe v. Rowe, a view we do not share. We therefore reverse appellant’s sentence. We do note that this situation could have been avoided *65 had the state insisted upon receiving its substantial assistance prior to the imposition of appellant’s sentence and entry of judgment. Since this decision and our pri- or decision in Cherry conflict with the decisions rendered by the Second and Fifth Districts, we certify the following question, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(vi):
WHERE A DEFENDANT FAILS TO PERFORM A CONDITION OF HIS PLEA BARGAIN, MAY A TRIAL COURT, AFTER SENTENCE HAS BEEN RENDERED AND THE DEFENDANT HAS BEGUN SERVING THAT SENTENCE, VACATE THE DEFENDANT’S PLEA AND INCREASE HIS SENTENCE?
REVERSED and REMANDED.
LETTS and WALDEN, JJ., concur.

. While Florida Rule of Appellate Procedure 9.140(b) does not permit an appeal from a judgment entered upon a plea of guilty, the Supreme Court has determined that the illegality of a sentence may be appealed. Robinson v. State, 373 So.2d 898 (Fla.1979). Furthermore, the right not to be twice placed in jeopardy is fundamental and may be raised for the first time *64 on appeal. State v. Johnson, 483 So.2d 420 (Fla.1986).