506 So.2d 387 (1987)
STATE of Florida, Petitioner,
v.
Eusebio ACOSTA, Respondent.
No. 68711.
Supreme Court of Florida.
March 19, 1987.
Rehearing Denied May 27, 1987.
Robert A. Butterworth, Jr., Atty. Gen., and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Robert L. Bogen of Braverman and Bogen, Fort Lauderdale, for respondent.
SHAW, Justice.
We review Acosta v. State, 489 So.2d 63 (Fla. 4th DCA 1986), to answer a certified question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Acosta was charged with trafficking in cocaine and conspiracy to traffic in cocaine. Each offense was punishable by a mandatory minimum sentence of fifteen years. Through plea bargaining, Acosta agreed to plead guilty to one count and to provide assistance to the state. The state, in return, nolle prossed one charge and agreed to a reduced sentence of seven years in accordance with section 893.135, Florida Statutes (1983). The trial judge accepted the plea of guilty and immediately sentenced Acosta to seven years. Several days later the prosecutor refused to accept a statement from Acosta reciting that he had found the contraband in a package on the street. On motion of the state that the statement did not provide the substantial assistance contemplated by section 893.135, the court vacated the plea and sentence, entered a plea of not guilty, and set a trial date. Thereafter, Acosta entered an open plea of guilty and was sentenced to fifteen years mandatory minimum imprisonment and a $250,000 fine on one count with the state nolle prossing the second count. The district court reversed the sentence on double jeopardy grounds and certified the following question of great public importance:
WHERE A DEFENDANT FAILS TO PERFORM A CONDITION OF THIS PLEA BARGAIN, MAY A TRIAL COURT, AFTER SENTENCE HAS BEEN RENDERED AND THE DEFENDANT HAS BEGUN SERVING THAT SENTENCE, VACATE THE DEFENDANT'S PLEA AND INCREASE HIS SENTENCE?
Id., 489 So.2d at 65.
The certified question assumes a fact which is in issue: whether Acosta failed to perform a condition of his plea bargaining? The terms of the plea bargain are not in the record and references to the bargain are cursory, contradictory, and uninformative. The judge stated at one point that *388 the plea and sentence were subject to Acosta giving a satisfactory "statement" to the prosecutor immediately upon conclusion of the proceeding. Later the judge referred to the statement as if it had already been satisfactorily given. The state moved to reduce the mandatory minimum sentence on the basis of substantial assistance, but gave no proffer as to what it expected in the way of substantial assistance, nor, as the district court pointed out, did it insist, as was its right, that it receive the substantial assistance prior to imposition of sentence and entry of judgment. On this point, we would go farther than the district court. Section 893.135(3) does not contemplate that the substantial assistance will be rendered subsequent to a reduced or suspended sentence; it is the duty of the state to obtain the required assistance prior to moving the court to reduce or suspend the sentence. The potential for misunderstanding in this confused proceeding was complicated by the fact that it appears Acosta does not speak English and no translator was present during the plea hearing. It is not clear from the record, but it appears that defense counsel was acting as a translator, and, at times had considerable difficulty in communicating with Acosta because of dialects spoken.
Despite the inconclusiveness of the record, the state argues that Acosta has violated his plea bargain by failing to provide substantial assistance and that his story of finding the contraband on the street is transparently false. Thus, the state urges, we should apply Brown v. State, 367 So.2d 616 (Fla. 1979), and hold that reprosecution is not barred because Acosta violated the plea bargain on which the trial court conditioned the acceptance of the plea and imposition of the sentence. In response, Acosta argues that his story, while unlikely, has not been shown to be false. Further, that his station in life as a worker at a fast-food establishment who rides a bicycle to work, strongly suggests that he is not a professional drug dealer with inside knowledge of the illegal drug business and access to quantities of cocaine. Moreover, Acosta points out, he offered to take a polygraph test on the story which he has consistently maintained was the truth from the time of the arrest. Thus, Acosta urges, he has not violated his plea bargain and the state should not be permitted to rely on Brown. We agree with Acosta. We have no doubt that the state believed it was going to receive substantial assistance, but it appears that the state never reached a clear understanding with Acosta on what it would receive and failed to take the routine steps necessary to protect its interests. Under these circumstances, Acosta has not been shown to have violated his bargain and the rule of Brown is not applicable. We note, also, that Brown did not involve actual imposition of a sentence, as here. The certified question asks us to determine whether the Brown rule is applicable to situations where a sentence is actually imposed. We decline to address that issue in the absence of a case squarely presenting the question.
We approve the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion.
GRIMES, Justice, concurring.
I would address the certified question and respond in the affirmative. In Brown v. State this Court held on grounds of public interest that the double jeopardy clause does not bar the reprosecution of an accused who willfully refuses to perform a condition of a plea bargained adjudication of guilt. Accord Lerman v. Cornelius, 423 So.2d 437 (Fla. 5th DCA 1982). Because this Court in Brown acknowledged that double jeopardy had attached when the trial court accepted the plea, it makes no difference here that Acosta had been sentenced before the state sought to reprosecute him for failure to abide by his plea agreement.
I believe that this case stands in a different position than Brown, not because of *389 double jeopardy, but because of the provisions of section 893.135, Florida Statutes (1985). A person found guilty under that statute must serve a mandatory minimum sentence unless he "provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals," and upon the prosecutor's motion, the judge "finds that the defendant rendered such substantial assistance." The statute does not permit the state to later change its mind. Unlike the situation in which a defendant has failed to perform a condition of an ordinary plea bargain, the statute only authorizes a reduction in sentence when substantial assistance has already been provided.
Therefore, I would approve the decision of the district court of appeal but for reasons different than those stated in its opinion.