JORGENSON, Judge.
Prestridge appeals from an order of the trial court modifying his sentence to reflect the complete terms of his plea agreement with the state. For the reasons which follow, we remand to the trial court.
Prestridge was charged by information with eight counts of sexual battery. In a separate information, Prestridge was charged with five counts of sexual battery and one count of kidnapping. Prestridge and the state entered into negotiations which culminated in a plea agreement. The plea agreement called for a sentence of twelve years’ incarceration, participation in a mentally disordered sex offender program, and a five-year probation term to commence upon Prestridge’s release from prison. Pursuant to the agreement, Pres-tridge was to plead guilty to two counts of sexual battery. In return, the state was to nol pros the other eleven counts of sexual battery and the kidnapping count.
On May 1, 1987, the trial court sentenced Prestridge to twelve years’ incarceration and participation in the mentally disordered sex offender program. Neither the state nor the defense informed the trial court that the plea agreement’s five years’ probation term had been omitted from Pres-tridge’s sentence. The incomplete sentencing order was filed by the trial court on the date of sentencing. Twelve days later, however, a second colloquy was held at which time the state advised the trial court of the omission in Prestridge’s sentence. Prestridge’s counsel conceded that the probation term had been part of the agreed plea but, nonetheless, objected to the belated addition of the probation term as viola-tive of Prestridge’s double jeopardy rights.[1] Counsel for Prestridge further re *1148 jected the option of vacating the plea agreement and proceeding to trial on the original charges. The trial court amended the sentence to include five years’ probation and filed an order to that effect.
Prestridge now claims that double jeopardy safeguards preclude imposition of an increased sentence after the conclusion of the sentencing hearing. This principle does not pertain to Prestridge’s sentence because it was the product of a plea agreement with the state. Prestridge’s double-jeopardy analysis fails since the fact that jeopardy had attached when the trial court accepted Prestridge’s guilty plea is not dis-positive of the issue of Prestridge’s proper sentence. See Lerman v. Cornelius, 423 So.2d 437, 439 (Fla. 5th DCA 1982).
Prestridge cites Troupe v. Rowe, 283 So. 2d 857 (Fla.1973), as support for his double jeopardy argument. However, the facts of State ex rel. Miller v. Swanson, 411 So.2d 875 (Fla. 2d DCA 1981), more closely resemble Prestridge’s circumstances. In Troupe, the trial court had already ruled on the question of adjudicating guilt at the time the defendant entered his guilty plea and his sentence was imposed. The state was not permitted to argue subsequently the propriety of an adjudication of the defendant’s guilt because jeopardy had attached. Id. at 860. In Miller, the defendant was sentenced to thirty years’ imprisonment although the plea agreement specified a life sentence. Neither party had apprised the trial court of the discrepancy at the time of sentencing. The state later filed a motion to correct the sentence, which the trial court granted. Upon the defendant’s refusal to be resentenced in accordance with the terms of the plea agreement, the trial court vacated the plea to permit the defendant to stand trial on the original charge. The reviewing court concluded that reprosecution was proper, notwithstanding the fact that jeopardy had attached when the trial court accepted the defendant’s guilty plea. The court reasoned that the defendant’s attempt to renege on the plea agreement by repudiating one of the specific conditions on which the agreement was predicated was akin to an accused’s failure to perform a condition of a guilty plea, such as testifying against a co-defendant as in Brown v. State, 367 So.2d 616 (Fla.1979). Miller, 411 So.2d at 877. The state is clearly permitted to move the trial court to vacate the plea agreement and proceed to trial under the latter circumstance.
We agree with the Miller court that the same resolution obtains regardless of whether a defendant’s nonfeasance takes the form of resisting the agreed-upon sentence or of nonperformance of a condition such as testifying. In Miller, the state was entitled to the defendant’s receiving a life sentence or standing trial on the original charge. Here, the state is likewise entitled to its full bargain with Prestridge, including the term of five years’ probation or, alternatively, the prosecution of Pres-tridge on all counts. Prestridge’s double jeopardy allegation is of no moment. Unlike the defendant in Troupe who had not breached a plea agreement, Prestridge’s failure to disclose the full terms of the negotiated sentence is tantamount to the defendants’ omissions in Miller and Brown.
This cause is remanded to the trial court with directions to ascertain whether Pres-tridge wishes to honor his plea agreement, in which case the order correcting his sentence shall stand. If Prestridge chooses not to abide by the plea agreement, then the state may move to vacate Prestridge’s plea and proceed to trial on the thirteen *1149 counts of sexual battery and one count of kidnapping.
Remanded with directions.

. At the second sentencing colloquy, the following exchange took place:
MS. RIFKIN [Assistant State Attorney]: We forgot to add on the five years probation that is to continue immediately right after his release. That was part of the agreement, due to the number of charges. The order needs to reflect that.
THE COURT: All right.
MR. RYAN: I am James Ryan on behalf of the defendant, Keith Prestridge. With regards to Mr. Prestridge’s sentence, I believe the moral thing to do is add the five years probation but I think when you appointed me on this case you wanted me to represent this defendant the best I can. I don’t think I can advise him at this point that it is in his best interest to add on to that sentence. It’s what we agreed to, that was the sentence that was imposed. He served two days of that sentence — unless we want to waive his — I guess *1148 his double jeopardy rights and add on those five years probation. I don’t think—
THE COURT: Another alternative we can do is set aside the plea and try him.
MR. RYAN: I wasn’t for that at all. He's very happy with the plea as it now stands. I’m making — I’m putting the Court on full notice of the plea that we agreed to but as it stands, it is an aggregate sentence. The sentence was already imposed. He started to begin serving the sentence. We can’t add on five years probation also.
MS. RIFKIN: He hasn’t begun to serve his 12 year sentence in the state prison. He will have credit for time he has served in the county jail. It is not a double jeopardy violation. If Mr. Prestridge does not agree to the additional five years probation, the State would ask the Court to set aside the plea and we’ll go to trial.