572 So.2d 22 (1990)
Jose MACIAS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0632.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
David M. Lamos, Fort Pierce, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a corrected sentence increasing the length of mandatory minimum time to be served by appellant. We reverse. Jose Macias pled guilty to trafficking in cocaine. The state advised the court that the defendant had performed substantial assistance. On February 5, 1990, at sentencing, the court adjudicated defendant guilty, and noted that his conviction would normally carry a fifteen year mandatory minimum. The court sentenced the defendant to ten years in prison with three years minimum mandatory plus ten years probation and a $100,000 fine.
On February 9, 1990, the state filed a motion for clarification of sentence, stating that it had requested a mandatory minimum of ten years. It noted that the court sentenced defendant to ten years, but did not specify that it was to be served as the mandatory minimum. It requested the court to clarify that the ten year sentence was in fact a ten year mandatory minimum. On February 12, 1990, seven days after Macias began serving his sentence, the court held a hearing on the state's motion. Sixteen days after the trial court entered the original sentence, it signed an order nunc pro tunc to February 5, 1990, changing *23 the sentence to ten years minimum mandatory.
In Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983), the trial court imposed a sentence of three years, appellant began serving the sentence, and the trial court subsequently imposed a five year sentence. This court held that the trial court could not vacate the previous, legal sentence, and consequently remanded the case for reinstatement of the previous sentence.
This court noted in Cherry that Florida Rule of Criminal Procedure 3.800(a) permits a court to correct an illegal sentence at any time, and rule 3.800(b) allows revision of a legal sentence, but only insofar as it reduces the sentence. Although the prosecutor's opinion regarding the suggested sentence is important, the trial judge has the final decision on sentencing once the court has been advised that the defendant provided substantial assistance. In Cherry, this court concluded that once the statutory minimum had been properly eliminated, and the trial judge's discretion properly exercised, the original sentence was legal. Hence rule 3.800(a) did not authorize a motion to increase the sentence.
This court also pointed out in Cherry that in addition to lacking authority under the rules, an increase of a lawful sentence is expressly prohibited by case law and constitutes double jeopardy. It noted a few instances where the increase has been upheld: Rizzo v. State, 430 So.2d 488 (Fla. 1st DCA), pet. for rev. denied, 440 So.2d 353 (Fla. 1983); Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). This court concluded that, none of those fact patterns being present, the general rule forbidding sentence increases prevailed.
The state argues that the trial court did not increase appellant's sentence, but simply "clarified" that the original ten year sentence was a mandatory minimum. It maintains that the trial court's failure to announce that the ten year sentence was a mandatory minimum was, as in Rizzo, a slip of the tongue. It argues that since the subsequent sentence did not "increase" appellant's sentence, the trial court did not violate rule 3.800(b) or the prohibition against double jeopardy.
We recognize that the trial court's failure to state that the sentence it imposed was a mandatory minimum may have been an oversight. If it had been caught prior to entering the written judgment and sentence, it may be that the court could have clarified itself, as in Rizzo. However, that is not the case. Instead, the trial court signed and entered a written sentence, committing appellant for a term of ten years, three years minimum mandatory. Appellant began serving that sentence. Consequently, the trial court erred in subsequently changing that written sentence. Therefore the sentence is reversed and remanded for reinstatement of the first written sentence.
DELL, STONE and GARRETT, JJ., concur.