PER CURIAM.
Defendant was charged with trafficking in cocaine and agreed to plead guilty in return for the state moving for a reduction in sentence for substantial assistance. The court was advised that the state would recommend a three-year mandatory minimum and that it might waive the mandatory fine depending on the quality of the defendant’s assistance.
At the sentencing hearing the parties were in agreement on the three-year prison term; however, things were not as clear in regard to the fine, which is the subject of this appeal. Defendant maintained that the parties could not agree on a reduction or waiver of the fine, while the state maintained that the fine was to be at the discretion of the state. The court concluded that it had no discretion to reduce the fine.
Defendant appeals, arguing that the court erroneously concluded that it did not have discretion to reduce the fine, citing the substantial assistance statute, section 893.135(4), Florida Statutes (1991), which says that the court “may” reduce the sentence for substantial assistance. The state acknowledges the court’s discretion under the statute, but argues that under the terms of the plea agreement here the matter of the fine was to ultimately be determined by the state.
We cannot agree with the state, on the basis of this record, that the defendant had bargained away the court’s discretion in regard to the fine. We thus agree with defendant that the court erred in concluding that it had no discretion to reduce the fine. State v. Agerton, 523 So.2d 1241 (Fla. 5th DCA), rev. denied, 531 So.2d 1352 (Fla.1988); Cher *597 ry v. State, 439 So.2d 998 (Fla. 4th DCA 1983). We therefore reverse and remand for the trial court to reconsider the fine.
Reversed.
GUNTHER, KLEIN and STEVENSON, JJ., concur.