PARKER, Judge.
Appellant C.M.M. seeks review of the trial court’s order committing him to the custody of the Department of Health and Rehabilitative Services (HRS) and requiring that he pay restitution after he was found to have committed two offenses of grand theft in 1988 and was adjudicated a delinquent child. We affirm.
The only issue raised in this appeal which merits discussion is whether the trial court erred in ordering C.M.M. to pay restitution to one of the victims as part of his commitment to HRS. C.M.M. maintains in this appeal that restitution may not be ordered in conjunction with a juvenile’s commitment to HRS, but may only be imposed when the child has been placed in a community control program. As support for this contention, C.M.M. relies on this court’s decisions in T.D. v. State, 486 So.2d 40 (Fla. 2d DCA 1986) and W.P.J. v. State, 443 So.2d 424 (Fla. 2d DCA 1984).
This position fails to recognize a legislative change in the law which allows the trial court to include payment of restitution as an aspect of its commitment of a child to HRS. Section 39.11(1) Florida Statutes (1987), provides in part:
(f) As part of the community control program to be implemented by the department, or, in the case of a committed child, as part of the community-based sanctions ordered by the court at the disposition hearing or before the child’s release from commitment, order the child or parent to make restitution for the damage or loss.
(Emphasis added.) Restitution is no longer only appropriate as a part of a community control program. As such, the trial court had the authority under the above statute to order restitution in this case, and the order being appealed is affirmed in all respects.
SCHEB, A.C.J., and PATTERSON, J., concur.