DANAHY, Acting Chief Judge.
This appeal stems from an amended order to pay restitution entered upon an adjudication of delinquency. We find that the trial court was without statutory authority to en *79 ter the original restitution order and, therefore, reverse.
The appellant was involved in a fight with two other juveniles on October 26, 1991. As a result one juvenile was hospitalized. A petition charged the appellant with two counts of battery. The appellant pled nolo contendere and the court adjudicated him delinquent on November 20,1991. The court also ordered the appellant to pay restitution in an amount to be set subsequently and directed that the appellant reside with his father and his grandmother in the Netherlands; he was also to notify the Department of Health and Rehabilitative Services if he returns to Pinellas County. Although the court had several sentencing alternatives available to it pursuant to section 39.054, Florida Statutes (1991), it imposed none of them except restitution. Specifically the court did not impose any community control described in section 39.054(l)(a) or commit the juvenile under subsections (b) or (c).
Because the court did not commit the juvenile or impose any form of community control, it did not have the concomitant authority to impose restitution as contemplated in section 39.054(1)® which provides in relevant part:
As part of the community control program to be implemented by the department, or, in the case of a committed child, as part of the community-based sanctions ordered by the court at the disposition hearing or before the child’s release from commitment, order the child or parent to make restitution in money or in kind for any damage or loss caused by the child’s offense in a reasonable amount or manner to be determined by the court.
Compare W.P.J. v. State, 443 So.2d 424 (Fla. 2d DCA 1984) (where version of statute in effect, § 39.11(1)®, provided restitution sanction as part of community control program only, error to order restitution where child committed to department); see also, C.M.M. v. State, 545 So.2d 917 (Fla. 2d DCA 1989) (where statute amended to include restitution when child committed to department, no error in ordering committed child to pay restitution). The same reasoning applies here. The unambiguous statute provides the authority to impose restitution when the child is either committed to the department or is placed on some type of community control. Since the court imposed neither of these sanctions upon the appellant, it was error for the court to order that he pay restitution.
In light of this disposition, the appellant’s remaining issues, his ability to pay restitution and the amount of the restitution, are moot.
We reverse the amended order of restitution and remand with directions that the trial court strike that portion of the judgment imposing restitution.
SCHOONOVER and FULMER, JJ., concur.