658 So.2d 1177 (1995)
W.E., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02888.
District Court of Appeal of Florida, Second District.
August 9, 1995.
*1178 James Marion Moorman, Public Defender, Bartow, and Karen Kinney, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
QUINCE, Judge.
W.E. challenges the trial court's amendment of his original sentence to include community control. We reverse since the court has no authority to increase a legal sentence after the judgment has been entered.
W.E. appeared before the court on two juvenile petitions charging him with battery on a school board employee and two other counts of battery. The court withheld adjudication, ordered counseling, enrollment in the school placement program recommended by the school board, costs pursuant to section 960.20, Florida Statutes (1993), and a public defender lien. The court did not orally or in writing order any restitution or reserve ruling on the issue of restitution even though the state was on notice before the hearing that restitution was an issue.
Approximately twenty days after sentencing, a hearing was held on the state's motion to amend the sentence. Although no written motion appears in the record, W.E.'s public defender attended the hearing along with W.E.'s mother. The state argued the sentence should be amended to include community control so that the victim's $75.00 in unreimbursed medical bills could be ordered as a part of community control. The state further argued restitution could not be ordered except as a part of community control. W.E.'s counsel objected to amending the sentence to include community control and restitution. The court agreed with the state and placed W.E. on community control for an undetermined period and ordered restitution.
A trial court has no authority to amend a sentence to include additional sanctions when the original sentence is a legal one. Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984). The original sanctions imposed by the court in the instant case are authorized by statute and are, therefore, legal. § 39.052(3), Fla. Stat. (1994). See also State v. F.G., 630 So.2d 581 (Fla. 3d DCA 1993), affirmed, 638 So.2d 515 (Fla. 1994). The failure of a court to order restitution does not make the sanctions illegal or give the court the authority to amend the sentence. Cf. G.J.V. v. State, 637 So.2d 78 (Fla. 2d DCA 1994).
Since the increase of W.E.'s sentence was error, we reverse with instructions to reinstate the original sentence.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.