QUINCE, Judge.
C.M. challenges the trial court’s order increasing her original sentence from a juvenile service program to community control. We reverse because the court may not increase a legal sentence.
C.M. appeared before the court on two juvenile petitions charging her with battery, burglary, grand theft and grand theft auto. The court withheld adjudication and ordered her to enter and successfully complete the Juvenile Alternative Services Program (JASP) and to pay reasonable restitution, among other things.
Several days after this disposition, the state filed a motion for redetermination of sentence. The state argued the sentence was illegal because restitution can only be ordered when the child is either committed to the Department of Health and Rehabilitative Services or is placed on community control. The trial court agreed and increased the sentence to include community control for an indefinite period and until restitution *s Pa^-
The state’s argument before the trial court and this court is premised on an erroneous interpretation of G.J.V. v. State, 637 So.2d 78 (Fla. 2d DCA 1994). This court in G.J.V. held restitution can only be imposed when an adjudicated child is committed or placed on community control. § 39.054, Fla. Stat. (1993). We did not address in G.J.V. the appropriateness of restitution when adjudication is withheld. In that circumstance, a court’s actions are governed by section 39.052(3), Florida Statutes (1993). This statutory provision gives the trial court the authority to impose restitution as a part of a community-based sanction when adjudication has been withheld. Thus, the original disposition made by the court, completion of the community-based JASP program and restitution, was proper.
Since the original sentence imposed was legal, the trial court did not have authority to increase that legal sentence. Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984). We reverse the order imposing community control with instructions to reinstate the original sentence.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.