JORGENSON, Judge.
J.E. appeals from a modification of his commitment following an adjudication of delinquency for his third escape from a moderate risk residential program. We affirm.
*40 The trial court initially indicated that it would commit respondent to a “level six” program, the equivalent to a moderate restrictiveness level program. At the placement hearing, the trial court was informed that respondent was denied admission to the level six facility because he had told the interviewer that he liked to set fires and abuse animals. The case manager recommended that respondent be committed to a level eight, or high-risk program. The trial court modified its disposition and committed respondent to a level eight program.
Respondent argues on appeal that the trial court’s modification of his commitment order violated the double jeopardy clause of the federal and state constitutions. See Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976) (once defendant has begun to serve his sentence, resentencing defendant on that same charge violates double jeopardy clause of United States Constitution). We disagree.
Increasing the restrictiveness level in a juvenile commitment proceeding is not the equivalent of resentencing an adult on the same charge. The level of restrietiveness refers to “the level of custody provided by programs that service the custody and care needs of committed children.” § 39.01(59), Fla.Stat. (1995). An increase in the level of restrictiveness therefore does not necessarily indicate an increase in the sanction or the period of commitment, but refers to the level of security. Cf. C.M. v. State, 658 So.2d 1178 (Fla. 2d DCA 1995) (trial court had no authority to impose additional sanctions once lawful sentence imposed on juvenile; improper to increase original sentence from juvenile service program to community control).
Moreover, Chapter 39 of the Florida Statutes clearly reflects that juvenile dispositions are subject to modification depending upon the rehabilitative needs of the child, and that there is no reasonable expectation of finality when a judge recommends a particular restrictiveness level. Chapter 39 affords the Department of Juvenile Justice enormous discretion to transfer a committed juvenile to a program or facility of a higher or lower restrictiveness level. § 39.021(4), Fla.Stat. (1995). The court may agree to the transfer or set a hearing to review the transfer; if the court does not respond to the transfer order within ten days “the transfer of the child shall be deemed granted.” Id.
AFFIRMED.