PER CURIAM.
On September 21, 1977, appellant pled guilty to burglary, was adjudged guilty and placed on probation for three years. On November 29, 1978, appellant’s probation was revoked, based upon his admission of guilt to two violations of probation, and he was sentenced to one year in the Palm Beach County Jail with credit for time served from September 11,1978, to September 19, 1978. At that time, an additional third charge of violation of probation was pending against the. appellant which remained unresolved. On December 19, 1978, appellant entered a plea of guilty to the additional violation and the court again revoked the probation and sentenced the appellant to the Department of Corrections for an indeterminate sentence of from six months to three years with credit for time previously served “to run concurrently with sentence imposed in original violation of probation.”
We believe that the judgment and sentence imposed on December 19, 1978, must be reversed. Once appellant’s probation was revoked, and sentence imposed, and appellant had commenced serving such sentence, the court could no longer treat appellant as a probationer and enter a second order of revocation and sentence. Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979); Hardwick v. State, 357 So.2d 265 (Fla. 3d DCA 1978); Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976).
Accordingly, the judgment and sentence of December 18, 1978, are hereby reversed.
ANSTEAD and HERSEY, JJ., and FA-GAN, OSEE R., Associate Judge, concur.