629 So.2d 970 (1993)
STATE of Florida, Appellant,
v.
Michael Wayne NICHOLS, Appellee.
No. 92-3053.
District Court of Appeal of Florida, Fifth District.
December 23, 1993.
*971 Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance for appellee.
THOMPSON, Judge.
The state appeals two orders entered by the trial court. We treat the appeal as a petition for common-law writ of certiorari filed pursuant to Florida Rule of Appellate Procedure 9.100(c)(1). See State v. Blue, 603 So.2d 648 (Fla. 5th DCA 1992). The state appeals seeking review of the trial court's order granting Michael Wayne Nichols' motion to dismiss in lower court case number 92-717-CF-JL and granting his motion to vacate and set aside adjudication of guilt in lower case number 81-312-CF-B. We have jurisdiction. We grant the petition for the writ and we quash the orders of the trial court.
Nichols was arrested and indicted for first degree murder in 1981 for his part in the death of James C. Davis. His codefendant was Darin Robert Woodring. As a result of a written plea agreement with the State of Florida signed on 23 June 1981, he entered a plea of nolo contendere to manslaughter. The special conditions of his plea agreement were that he testify against his codefendant, serve three to four years on probation, remain in jail until the completion of the codefendant's trial in September 1981 and that adjudication would be left to the discretion of the trial judge. Nicholas completed the terms of the plea agreement. As a result of his cooperation, his codefendant entered a plea to second degree murder and received a life sentence.
At the time of sentencing, the judge who participated in the plea negotiations was absent from the jurisdiction of the court. Another circuit judge presided at the sentencing, refused to withhold adjudication, and adjudicated Nichols guilty on 3 August 1981. Except for the adjudication, the plea negotiations were completely followed. The defense attorney for Nichols wrote the original judge in the case on 17 August 1981 and asked the judge to search his memory and discuss the plea with the assistant state attorney involved because the defense attorney was going to file a motion to correct the judgment and sentence within 60 days of the sentencing date.
The judge responded on 2 September 1981. He said he had discussed the matter with the sentencing judge. He noted that the sentencing judge had offered Nichols the option of postponing sentencing until the original judge could return to the jurisdiction of the court. Nichols refused the offer and wanted to be sentenced. He was sentenced and adjudicated guilty. No motion to correct the judgment and sentence was filed by the trial attorney in 1981.[1] Nichols completed the terms of his probation and was discharged from probation by order of the court on 24 April 1985.
On 11 June 1992, Nichols was arrested for possession of a firearm by a convicted felon. He was formally charged on 23 June 1992 by information number 92-717-CF-JL. On 25 November 1992, Nichols filed a motion to *972 vacate and set aside adjudication of guilt in case number 81-312-CF-B. This motion was granted on 30 November 1992. As a result of the order vacating and setting aside the adjudication of guilt in case number 81-312-CF-B, the trial judge granted Nichols' ore tenus motion to dismiss case number 92-717-CF-JL. This timely appeals follows.
Florida Rule of Criminal Procedure 3.800(b) allows a trial court 60 days to change or modify a sentence imposed by the court.[2] After 60 days, the court no longer has jurisdiction to modify or change a sentence. See Sanchez v. State, 541 So.2d 1140 (Fla. 1989) (an adjudication of guilt in conjunction with probation could not be removed after 60 days of imposition); State v. Blue, 603 So.2d 648 (Fla. 5th DCA 1992). In this case, the first motion of record to change the sentence was filed 11 years after the sentence was imposed. The fact that the trial court tried to relate the ruling back to the time period within 60 days of the original sentence is immaterial. Assuming, arguendo, the motion was timely filed, a timely order was not entered. Not only must the motion be filed timely, the court must act upon the motion within 60 days. See Dominguez v. State, 556 So.2d 499 (Fla. 1st DCA 1990). The order vacating and setting aside the adjudication of guilt in case number 81-312-CF-B is quashed. Since the only reason the trial court gave for dismissing case number 92-717-CF-JL, possession of a firearm by a convicted felon, was the court's order vacating and setting aside the adjudication of guilt in case number 81-312-CF-B, the order dismissing case number 92-717-CF-JL is also quashed.
PETITION GRANTED; ORDERS QUASHED.
SHARP and PETERSON, JJ., concur.
NOTES
[1] There is no record of a motion to correct the judgment and sentence filed in 1981 in the appellate record, although the defense attorney from 1981 testified that he remembers having filed one. The record is clear that no judge ever entered an order on a written motion or an ore tenus motion in 1981.
[2] Rule 3.800(b) Correction, Reduction and Modification of Sentences reads in pertinent part:

A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after such imposition ...