688 So.2d 947 (1997)
Denissa BOWLING, Appellant,
v.
STATE of Florida, Appellee.
No. 96-381.
District Court of Appeal of Florida, Fifth District.
February 14, 1997.
Cecile Blessing, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, Judge.
Denissa Bowling appeals the order finding her in violation of probation and imposing additional conditions of probation. She argues, inter alia, that the trial court lacked jurisdiction to modify the terms of her probation because more than 60 days had passed since the initial order reimposing the original conditions was rendered. We agree and remand for imposition of the original conditions of probation.
Bowling's probation officer filed an affidavit of violation of probation alleging that Bowling had violated three conditions of probation. At the violation of probation hearing in June 1995, no evidence was presented. The court had a brief discussion with Bowling's *948 probation officer, found the alleged violations "de minimis," and without objection from the State, the court cautioned Bowling to adhere to her probation and reimposed the original conditions of probation. No appeal was taken by the State. In July, 1995, the State moved for a violation of probation hearing pertaining to the third alleged violation of probation. The State acknowledged that a hearing had been held in June, but contended that the third alleged violation was not considered in June and was a serious matter which needed to be resolved. The State offered as justification that "another member of my office was here (at the prior VOP hearing) and didn't realize the background of this." The hearing on this alleged violation was held in October, 1995. The court found Bowling in violation and, in January, 1996, entered an order modifying Bowling's conditions of probation to include increased restitution payments and thirty-nine weekends in jail.
Bowling correctly contends that the court lacked jurisdiction to modify her probation in January, 1996, because the attempted modification occurred more than sixty days after imposition of the June sentence. See Fla. R.Crim. P. 3.800(b)[1] ("A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after such imposition, ..."); State v. Nichols, 629 So.2d 970 (Fla. 5th DCA 1993) (trial court loses jurisdiction to modify sentence 60 days after sentence is imposed). The sentence had been rendered, the time for rehearing had passed, and more than 60 days had elapsed between imposition of the June sentence and the January attempt to modify that sentence. Thus, the court lacked jurisdiction to modify the sentence. See Troupe v. Rowe, 283 So.2d 857 (Fla.1973) (holding that after sentence was imposed and no further hearing was contemplated, the matter was ended for all purposes); Baker v. State, 380 So.2d 1173 (Fla. 4th DCA 1980) (holding that where defendant admitted to two violations of probation and was sentenced therefor, court could not enter second order of revocation and resentence defendant on third charge of violation of probation which was pending at time defendant's probation was first revoked); see also McLemore v. State, 638 So.2d 610 (Fla. 1st DCA 1994) (holding that court lost jurisdiction to impose restitution payments where it attempted to add that condition more than 60 days after the original sentence was imposed); Weaver v. State, 588 So.2d 53 (Fla. 3d DCA 1991) (holding trial court without jurisdiction to impose additional restitution because more than 60 days had passed between the sentencing hearing and the second restitution hearing).
The time for arguing the third alleged violation of probation was at the June hearing. The State had charged that violation and Bowling was in court in June to answer to that charge, among others. The State should have either proceeded with its evidence or sought a continuance. It did neither. Reversal is required.
REVERSED and REMANDED for imposition of the original terms of probation.
PETERSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.800 was modified effective July 1, 1996. Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996). Paragraph (b) now appears at paragraph (c).