901 So.2d 196 (2005)
Michael REILE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1030.
District Court of Appeal of Florida, Fourth District.
March 23, 2005.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
On November 21, 2003, appellant, Michael Reile, was sentenced pursuant to a negotiated plea to 364 days in jail with credit for 198 days time served. The disposition order imposed $50 in court costs, a $40 public defender application fee, and a $50 public defender fee.
On February 19, 2004, a hearing was held before a different judge at which the disposition sheet was modified to impose a $700 public defender lien which was the appropriate amount pursuant to the administrative order of the chief judge. We reverse.
*197 Appellant objected to any modification of the sentence arguing that the trial court lacked jurisdiction because more than sixty days had elapsed since appellant was sentenced and the sentence could not now be modified. The state agreed with appellant's argument but nevertheless, the trial court modified the sentence and appellant filed this appeal.
Appellant presents the same argument on appeal. Under Florida Rule of Criminal Procedure 3.800(c), a trial court may modify or reduce a legal sentence imposed by it within sixty days after the sentence is imposed. In this case, the hearing held in February was more than sixty days after the imposition of the original sentence. However, "[a]fter 60 days, the court no longer has jurisdiction to modify or change a sentence." State v. Nichols, 629 So.2d 970, 972 (Fla. 5th DCA 1993).
Section 938.29, Florida Statutes (2003), provides for the liability of a defendant for his/her public defender fees. It further provides that the court shall determine the amount of the obligation, section 938.29(1)(a), Florida Statutes (2003), and "[u]pon entering a judgment of conviction, the defendant shall be liable to pay the costs in full after the judgment of conviction becomes final." § 938.29(1)(b), Fla. Stat. (2003).
Pursuant to rules and statutes,[1] the chief judge of the circuit set the rate for public defender fees. Additionally, Administrative Order III-98-D-8 provides:
3. ASSESSMENT OF ATTORNEYS FEES AND COSTS: Pursuant to Florida Statute 938.29, the court having jurisdiction over any defendant who has been determined to be guilty of a criminal act by a court or jury, or through a plea of guilty or nolo contendere, and who has received the assistance of the Public Defenders office ... shall assess attorneys fees and costs against the defendant at the sentencing hearing.
(Emphasis added.)
For the assessment of public defender fees, this provision presumes there is jurisdiction over the defendant. At the point when the trial court sua sponte modified appellant's sentence, it was without jurisdiction. We, therefore, reverse and remand this case to the trial court to vacate the order entered on February 19, 2004, nunc pro tunc November 21, 2003, and to reinstate the original sentence imposed on November 21, 2003.
REVERSED.
WARNER and POLEN, JJ., concur.
NOTES
[1] Fla. R. Jud. Admin. 2.050 (2003); §§ 27.52 and 27.56, Fla. Stat. (2003).