914 So.2d 4 (2005)
STATE of Florida, Petitioner,
v.
Stanley CAMERON, Respondent.
No. 4D04-3168.
District Court of Appeal of Florida, Fourth District.
May 11, 2005.
Rehearing Denied November 29, 2005.
*5 Charles J. Crist, Jr., Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for petitioner.
Kevin J. Kulik, Fort Lauderdale, for respondent.
KLEIN, J.
Respondent defendant, while driving his boat under the influence at a high rate of speed, struck another boat and killed six people. After he was found guilty of both manslaughter while operating a vessel under the influence of alcohol (BUI) and manslaughter with an unlawful blood alcohol level (UBAL) for each of the six deaths, the state asked the trial court to vacate specified convictions, because dual convictions for each death would violate double jeopardy. The trial court granted the state's motion and, as the state requested, sentenced defendant for three BUI manslaughter counts for three of the victims and three UBAL manslaughter counts for the remaining three victims.
This court affirmed the three UBAL manslaughter convictions and sentences, but reversed the BUI manslaughter counts for a new trial. Cameron v. State, 804 So.2d 338 (Fla. 4th DCA 2001). On remand, the trial court resentenced the defendant on the affirmed convictions as well as the counts which had been vacated by the state before the appeal. The defendant then moved in this court to enforce our mandate, and we granted the motion on August 21, 2003, stating:
Any sentence imposed shall be limited to the counts expressly affirmed in the opinion of this court. Those counts vacated before appeal, in the trial court, are deemed dismissed by the State and may not be used for sentencing.
The state moved for rehearing of this order and the motion was denied on September 22, 2003. It appears that nothing has occurred in the trial court following our order enforcing the mandate, but, nearly one year later, the state filed this petition for writ of prohibition or mandamus, seeking an order compelling the trial court to resentence defendant on the verdicts which had been vacated at the request of the state.
The term of court during which our order enforcing the mandate became final expired in January 2004. § 35.10, Florida Statutes (2005). An appellate court's power to recall its mandate is limited to the term during which it was issued. State Farm Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, 405 So.2d 980 (Fla. 1981). This court is accordingly without jurisdiction to reconsider its August 21, 2003 order enforcing mandate.
GUNTHER, J., concurs.
MAY, J., concurs specially with opinion.
*6 MAY, J., specially concurring.
I concur in the outcome, but only because there appears to be no means by which this court has jurisdiction to review the matter at this time. The State seeks to prohibit the trial court from re-sentencing the defendant following this court's reversal and remand. I agree with the majority that prohibition is not the appropriate remedy because the trial court has jurisdiction to sentence the defendant.
While the Florida Supreme Court has previously invoked the "all writs" provision of the Florida Rules of Appellate Procedure 9.030(b)(3) and 9.100(a) to correct an erroneous ruling made in one of its prior opinions, the writ has not been used by the intermediate appellate courts for this purpose. See Bedford v. State, 633 So.2d 13 (Fla.1994) (cited in Phillip J. Padavano, Florida Appellate Practice § 28.7 (2005 ed.) at 555, n. 1); but see, Cash v. Smith, 465 So.2d 1294, 1296 (Fla. 1st DCA 1985) ("[I]t cannot be used as an independent basis of jurisdiction."); St. Paul Title Insurance Corp. v. Davis, 392 So.2d 1304, 1305 (Fla.1981) ("[T]his Court's all writs power cannot be used as an independent basis of jurisdiction. . . ."). It does not therefore provide an avenue for this court to review the matter.
I find this reality to be unfortunate because this is not a typical re-sentencing upon remand. It is a multi-count manslaughter case. The scheduled limited re-sentencing, which the State is trying to prevent, is based upon an order by this court in a prior petition that I perceive to have been made in error. But, as the majority points out, we have no means to address it.
This case involved a tragic boating accident in which six people died. The State charged the defendant with six counts of BUI manslaughter and six counts of UBAL manslaughter.[1] The jury found the defendant guilty on all twelve counts. Prior to the sentencing, however, the parties stipulated, and the State moved, to withdraw three UBAL and three BUI manslaughter convictions to avoid any double jeopardy concerns. The defendant then appealed the remaining three UBAL and three BUI manslaughter convictions on which the defendant was sentenced.
On appeal, this court reversed the three convictions for BUI manslaughter. Cameron v. State, 804 So.2d 338 (Fla. 4th DCA 2001) (Cameron I). "As regards these charges only, it was error for the trial court to instruct the jury on the statutory presumptions of impairment." Id. at 342. This court reversed the three BUI manslaughter convictions for a new trial and affirmed the three UBAL manslaughter convictions, noting the State had moved to vacate three of the UBAL manslaughter convictions.
Upon remand, the State moved to reinstate the three UBAL manslaughter convictions instead of having to retry the three BUI manslaughter counts. The defendant objected. The trial court overruled the objection, granted the State's motion, and reinstated the three UBAL manslaughter convictions. The court set a new sentencing hearing.
The defendant then filed a petition for writ of prohibition or mandamus. Alternatively, he requested this court to enforce the mandate and prevent the reinstatement of the three UBAL manslaughter convictions. No stay was requested. While the petition was pending in this court, the trial court sentenced the defendant on the six UBAL manslaughter convictions.
*7 Subsequently, this court issued an order to show cause on the motion to enforce mandate. The State responded by arguing the issue was moot due to the defendant having been re-sentenced. Nevertheless, this court granted the motion to enforce mandate and wrote: "Any sentence imposed shall be limited to the counts expressly affirmed in the opinion of this court. Those counts vacated before appeal, in the trial court, are deemed dismissed by the State and may not be used for sentencing." See Order dated August 21, 2003, Cameron v. State, Case No. 4D99-4169. The State moved for rehearing, again arguing the sentencing issue was moot. The State did, however, request an opportunity to address the merits should this court disagree on the mootness issue. This court denied the motion for rehearing. The State has now filed this petition to prevent the trial court from sentencing the defendant solely on the three UBAL manslaughter convictions without reinstatement of the additional three UBAL manslaughter convictions.
I acknowledge the unusual set of circumstances that brings this case to the court yet a third time. The fact remains, a jury found the defendant guilty of six counts of UBAL manslaughter. Only the order from this court on the motion to enforce mandate stands in the way of the reinstatement of the previously withdrawn three UBAL manslaughter convictions. I am also aware that the panel in Cameron I disallowed the trial court from reinstating the three withdrawn UBAL manslaughter convictions and that is the law of the case. However, this court can address a prior ruling when failure to do so will result in manifest injustice. See Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965).
This is not a case where the reinstatement of the three withdrawn UBAL manslaughter convictions would violate the defendants double jeopardy rights. See, e.g., United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); Rutledge v. United States, 230 F.3d 1041 (7th Cir.2000); Rodriguez v. State, 875 So.2d 642 (Fla. 2d DCA 2004); and Taflinger v. State, 698 N.E.2d 325 (Ind.Ct.App.1998). If this court does not grant the relief requested, the State will either have to retry the defendant on the three BUI manslaughter counts or forgo a conviction and sentence on three deaths where the jury has already found the defendant guilty of UBAL manslaughter. Any sentence on the three counts of UBAL manslaughter that were affirmed by this court will also be affected if the court is unable to consider the three additional UBAL manslaughter convictions for purposes of sentencing. In addition, the State cannot appeal a not guilty verdict, should one occur, upon retrial of the BUI manslaughter counts. Even if a jury were to return a guilty verdict on the three BUI manslaughter counts, the State would not be able to seek review absent the imposition of an unlawful or illegal sentence or perhaps on a cross-appeal if the defendant appeals the new convictions. Surely this is a manifest injustice warranting a second look at this courts decision preventing the trial court from reinstating the three withdrawn UBAL convictions.
Nevertheless, neither the Florida Constitution nor the Florida Rules of Appellate Procedure provide us with the mechanism with which to review the issue. I therefore concur in the dismissal of the States petition.
NOTES
[1] There were numerous other counts, which are irrelevant to the issue in this proceeding.