992 So.2d 878 (2008)
Ronald ROBBINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D08-2617.
District Court of Appeal of Florida, Fifth District.
October 17, 2008.
*879 Ronald Robbins, Chipley, pro se.
No Appearance for Respondent.
GRIFFIN, J.
Petitioner seeks a writ of certiorari quashing the trial court's order wherein the trial court found that it was without jurisdiction to mitigate Petitioner's sentence pursuant to his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(c). Petitioner's motion was filed more than sixty days after the issuance by this Court of its mandate in Petitioner's direct appeal. Although the trial court did not err, for the reason that follows, we nevertheless grant the writ.
After Petitioner's direct appeal was per curiam affirmed by this Court on March 18, 2008, see Robbins v. State, 976 So.2d 1123 (Fla. 5th DCA 2008), Petitioner placed in the hands of prison officials a pro se motion for rehearing on April 2, 2008, which made it timely under the "mailbox rule." See Fla. R.App. P. 9.420(a)(2) ("A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing."). The motion for rehearing was later filed in this Court on April 7, 2008. While Petitioner's motion was traveling here by mail, however, our clerk issued the mandate in Petitioner's direct appeal on April 4, 2008. On April 28, 2008, this Court denied Petitioner's motion for rehearing on the merits, but we did not withdraw the mandate.
On June 20, 2008, Petitioner handed a rule 3.800(c) motion to mitigate sentence to prison officials. In an order entered July 2, 2008, the trial court dismissed Petitioner's rule 3.800(a) motion, concluding that it lacked jurisdiction to rule on the motion:
Florida Rule of Criminal Procedure 3.800(c) states that a court may reduce or modify a sentence within sixty (60) days after imposition of the sentence or after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal. Mandate issued on April 4, 2008. (See Appendix A). The instant motion was filed on June 26, 2008, which is beyond the sixty-day time limitation. The sixty-day time limit for filing the motion is strictly enforced. Dominguez v. State, 556 So.2d 499 (Fla. 1st DCA 1990); see also State v. Nichols, 629 So.2d 970 (Fla. 5th DCA 1993); Bowling v. State, 688 So.2d 947 (Fla. 5th DCA 1997). The trial court does not have jurisdiction to mitigate a sentence after sixty days from imposition of sentence. Id.

This case is an example of the occasional anomaly that arises as a result of the "mailbox rule." Where the rules call for "filing" by a certain deadline and filing is with the clerk of court, the clerk can know with certainty whether the deadline has or has not been met. Under the "mailbox rule," however, the clerk loses control because handing the document over to prison officials satisfies the filing requirement. The clerk is at the mercy of the vagaries of prison workload and the speed of the post office to know whether there was a timely filing. A technically timely mailbox-rule document can trickle in long after the filing deadline. Clerks apparently compensate for this by delaying the issuance of the mandate for a number of days, but sometimes the delay is not enough and the clerk receives the filing (typically a motion for rehearing) after the mandate has finally gone out. In such cases, if the motion is meritorious, the mandate will be withdrawn and the motion granted. If the motion has no merit, typically we dismiss it without engaging in a cumbersome mandate withdrawal/reissuance procedure. In *880 this case, our failure to withdraw the mandate caused the problem. Having technically been prematurely issued under the mailbox rule, the mandate's issuance date cannot bar Petitioner from consideration of a rule 3.800(c) motion. Accordingly, we grant the writ and remand to the trial court to consider the motion.
WRIT GRANTED.
PLEUS and TORPY, JJ., concur.