MAY, J.
 

 The defendant petitions this court for a writ of habeas corpus, pursuant to Florida Rule of Appellate Procedure 9.140, alleging ineffective assistance of appellate counsel. For the reasons that follow, we deny the petition.
 

 The defendant was convicted of four counts of sexual battery on a victim over 12 years of age and sentenced to 40 years in prison. 919 So.2d 688. He was represented by defense counsel on appeal. We affirmed without opinion on February 1, 2006, and issued our mandate on February 17, 2006. Two days prior to the issuance of our mandate, the defendant handed his
 
 pro se
 
 motion for rehearing and rehearing en banc to the correctional institution for mailing. We received the
 
 pro se
 
 motion on February 21, 2006, and denied the motion on March 21, 2006.
 
 [1]
 

 On March 13, 2008, defense counsel filed a rule 3.850 motion in the trial court. One day later, he filed the current petition. Both were filed over two years after the issuance of the mandate, but within two
 
 *128
 
 years of this Court’s denial of the defendant’s motion for rehearing on direct appeal.
 

 The trial court denied the rule 3.850 motion as untimely and we affirmed.
 
 Rigueiro v. State,
 
 4D08-3154, 2008 LEXIS 20630 (Fla. 4th DCA Sept. 24, 2008).
 

 In its response to the petition in this court, the State argued that the petition was untimely filed. In his reply, the defendant cites
 
 Robbins v. State,
 
 992 So.2d 878 (Fla. 5th DCA 2008), which appears to reach a different conclusion under similar circumstances. There the court concluded it should have recalled its mandate before ruling on a prisoner’s motion for rehearing that had been timely delivered to prison officials before the mandate was issued.
 
 Id.
 
 at 879-80. However, the
 
 Robbins
 
 opinion does not address the well-established principle that
 
 pro se
 
 filings are a “nullity” when filed by a party that is represented by counsel.
 
 [2]
 

 Logan v. State,
 
 846 So.2d 472, 475-76 (Fla.2003) (a
 
 pro se
 
 filing by a party represented by counsel “cannot be entertained on the merits” unless it is adopted by counsel.).
 

 We agree that, generally, a court should recall its mandate when it receives a timely filed motion for rehearing. However, that procedure is not applicable here, where the defendant’s
 
 pro se
 
 motion had “no legal force or effect” because he was represented by counsel.
 
 State v. Craven,
 
 955 So.2d 1182, 1183 (Fla. 4th DCA 2007). Because the two-year time limit ran from the issuance of the mandate rather than the denial of the defendant’s
 
 pro se
 
 motion for rehearing, his petition must be dismissed as untimely.
 

 Petition denied.
 

 GROSS, C.J., and CIKLIN, JJ., concur.
 

 [1]
 

 . This court has since expanded the time frame for issuing mandates in these cases to allow for timely filed motions under the mailbox rule.
 

 [2]
 

 . Moreover, in
 
 Robbins
 
 the court addressed the timeliness of a Rule 3.800(c) motion, which must be filed within 60 days of a mandate. Fla. R.Crim. P. 3.800(c). At the time the defendant in this case attempted to meet the
 
 two-year
 
 time limit for filing his Rule 9.141 petition, this Court had lost its jurisdiction to recall its mandate.
 
 State v. Cameron,
 
 914 So.2d 4, 5 (Fla. 4th DCA 2005) ("An appellate court’s power to recall its mandate is limited to the term during which it was issued.”).