PER CURIAM.
 

 The State of Florida petitions this court for a writ of certiorari. We grant the writ and quash the trial court’s order which modified the completed criminal sentence of the respondent, Yvonne Cousins, to reflect a withhold of adjudication.
 

 The trial court’s order was entered following a hearing on a letter it received from Cousins, which the court treated as a motion. In the letter, Cousins requested that her criminal history records be expunged or sealed. She explained that there were extenuating circumstances surrounding her conviction and that she had not been in trouble in the ten years since her conviction. Cousins also noted that she had secured employment as a security officer, but she would be in danger of losing that job if she could not obtain a security officer’s license from the Department of Agriculture. She advised that she could not obtain such a license unless her criminal record was expunged.
 

 While the trial court held a hearing to consider Cousins’ request, it took no action on her motion because she could not provide a certificate of eligibility as required by section 943.0585, Florida Statutes.
 
 [1]
 
 Instead, the trial court entered an order modifying Cousins’ judgment and sentence to reflect a withhold of adjudication so that she could obtain a certificate of eligibility and file a proper motion to seal or expunge her criminal record.
 

 The State objected below, and argues here, that the trial court lacked subject matter jurisdiction to modify Cousins’ completed sentence. We agree. As a general matter, a trial court loses jurisdiction to modify or change a sentence 60 days after the sentence is imposed or becomes final.
 
 See State v. Nichols,
 
 629 So.2d 970, 972 (Fla. 5th DCA 1993);
 
 cf. Schlabach v. State,
 
 37 So.3d 230 (Fla.2010);
 
 Davis v. State,
 
 887 So.2d 1286 (Fla.2004). Certainly, a trial court lacks jurisdiction to modify a legal sentence several years after it has been completed by the defendant.
 

 Although the trial court had the best of intentions in modifying Cousins’ criminal sentence, it acted without jurisdiction. Therefore, the State’s petition for a writ of certiorari is granted and the order of the trial court modifying Cousins’ judgment and sentence is quashed.
 

 PETITION GRANTED; ORDER QUASHED.
 

 SAWAYA, TORPY and JACOBUS, JJ., concur.
 

 [1]
 

 . Section 943.0585 requires a person to obtain a certificate of eligibility from the Florida Department of Law Enforcement before seeking expunction of a criminal history record.