ORFINGER, Judge.
Appellant entered a plea of guilty to one count of burglary of a structure and one count of theft of a motor vehicle. The plea resulted from negotiations wherein it was agreed that appellant would receive no more than five year concurrent sentences on both counts.
After finding that the plea was voluntarily and intelligently made, the trial court accepted the plea, adjudicated appellant guilty and sentenced him to a five year term, one year of which was to be served in the county jail, and the remaining four years on probation. After learning that appellant would not accept the probation, appellant came before the trial court, who carefully inquired of appellant if it were true that appellant wished to have the sentence withdrawn. Appellant clearly chose to have his sentence withdrawn and a new sentence imposed, so the trial court honored his request, withdrew the original sentence and imposed a five year split sentence alternative, two and a half years to be served in prison and the remaining two and a half years on probation, less credit for time served.
Appellant contends: (1) that the trial court could not withdraw his sentence and then sentence him to more time in prison; (2) that the sentence was a general sentence on both counts and is thus improper; (3) that the split sentence violates the principles of Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1980).
On the first point, appellant relies on cases such as Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Andrews v. State, 357 So.2d 489 (Fla. 1st DCA 1978) and Katz v. State, 335 So.2d 608 (Fla.2d DCA 1976) for the proposition that the court cannot resentence a defendant to a longer term of incarceration after he has begun to serve his sentence, without violating his double jeopardy rights. However, in all the cited cases, the alteration in the sentence was involuntary, with the defendant in each case objecting to *1116 any change. Here, the defendant requested the court to withdraw the sentence and impose a new one, so the principle of the cited cases does not apply.
Appellant is correct in his assertion that the general sentence on both counts is improper. Dorfman v. State, 351 So.2d 954 (Fla.1977); Price v. State, 393 So.2d 69 (Fla. 5th DCA 1981).
The Supreme Court has revised the opinion in Viilery, (April 23, 1981) [1981 FLW 313] and has made it clear that the split sentence alternative provided for in section 948.01(4), Florida Statutes, prohibits incarceration for a term which equals or exceeds one year, so the last sentence imposed here must be revisited by the trial court.
The sentence is vacated and the case is remanded to the trial court for resentenc-ing.
Sentence VACATED, case REMANDED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.