497 So.2d 724 (1986)
David PADGETT, Appellant,
v.
STATE of Florida, Appellee.
No. BK-266.
District Court of Appeal of Florida, First District.
November 13, 1986.
*725 Michael E. Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
The appellant filed a motion to mitigate or correct sentence pursuant to rule 3.800, Florida Rules of Criminal Procedure, seeking credit against his sentence for time served prior to revocation of probation and sentencing. The trial judge agreed that he had erroneously failed to grant appellant credit for 430 days of jail time when he sentenced appellant to thirty months, the maximum under the guidelines. The trial court vacated appellant's sentence and resentenced him to five years, a departure under the guidelines, giving him credit for all of his jail time. We reverse and remand with instructions that appellant's thirty-month sentence be reinstated and that he be given credit for all of his jail time against that sentence.
Appellant pled guilty to burglary and was placed on probation with the proviso that he serve ten months in the county jail. The trial judge at the time of sentencing stated that if credit for jail time (approximately four months) had to be given, appellant would receive credit, but if it was discretionary, credit would be denied. The judge apparently determined that credit was discretionary, and in his written judgment specified that no credit for jail time would be given. Appellant's subsequent motion for allowance of jail time credit on this probationary sentence was denied.
Appellant served his time in the county jail and was released to serve the remainder of his probation. Later, his probation was violated when he was arrested on drug charges. He was accused of selling drugs to inmates on a work-release program. In return for his plea of guilty to violating his probation, the state agreed to nolle pros the drug charges and to recommend that the court follow the guidelines and impose a sentence of thirty months in state prison, which the court did, giving appellant credit for only thirty days jail time. No mention was made of credit for his four months jail time prior to his initial sentence, nor the ten months served in the county jail as a condition of his probationary sentence.
Appellant then filed his second motion to mitigate or correct sentence, seeking credit for all his previous jail time. The assistant state attorney advised the court that he would never have agreed to nolle pros the drug charges against appellant if he had realized that appellant would get this jail time credit against the thirty-month sentence. The trial judge agreed that appellant had been sentenced to thirty months based on the erroneous assumption that this jail time credit would not apply to the sentence. Over objection, he vacated appellant's sentence and resentenced him to five years, departing from the guidelines on the grounds that appellant had sold drugs to inmates.[1] We find that it was error to increase the thirty-month sentence.
Once appellant began serving his legal sentence of thirty months, the trial court was without authority to sua sponte vacate appellant's sentence and impose a new and different sentence increasing the time to be served. Sapp v. State, 445 So.2d 1088 (Fla. 1st DCA 1984); Harrison v. Wainwright, 408 So.2d 800 (Fla. 5th DCA 1982); and Andrews v. State, 357 So.2d 489 (Fla. 1st DCA 1978). See also Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984), and Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976) *726 (rule 3.800 does not permit increase of a lawful sentence). Compare Cline v. State, 399 So.2d 1115 (Fla. 5th DCA 1981) (defendant requested that court withdraw sentence and impose a new one, therefore, principle that court cannot resentence defendant to a longer term of incarceration after he has begun to serve his sentence did not apply).
James v. State, 443 So.2d 510 (Fla. 1st DCA 1984), relied upon by the state, is distinguishable because there the sentencing record clearly demonstrated that the court actually gave the defendant credit for time he had already served by imposing a four-year term instead of a five-year term which it would have otherwise imposed. This court simply disapproved of the manner in which the trial court allocated jail time credit, and reversed for entry of a sentence correctly reflecting that credit was given for jail time.
This cause is reversed and remanded for proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] Even if the sentence were otherwise lawful, the trial court improperly departed in giving the five year sentence, because the trial court may not rely upon facts surrounding charges which were dropped as part of a plea bargain as a basis for a departure sentence. Dallas v. State, 490 So.2d 1362 (Fla. 5th DCA 1986); and Cummings v. State, 489 So.2d 121 (Fla. 1st DCA 1986).