682 So.2d 694 (1996)
James STERLING, Appellant,
v.
STATE of Florida, Appellee.
No. 96-632.
District Court of Appeal of Florida, Fifth District.
November 8, 1996.
*695 James B. Gibson, Public Defender, and Michael S. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and E. Paul Stanley, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Sterling appeals from his sentence, which was modified by the trial judge's addition of a probationary term, 14 days after the original sentence had been pronounced, and after Sterling had begun to serve the original sentence. We have no alternative in this case except to strike the attempted modification since at the time the probationary term was added, the trial court lacked jurisdiction to increase the original sentence. See Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Padgett v. State, 497 So.2d 724 (Fla. 1st DCA 1986); Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983); Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980).
Pursuant to a plea bargain, Sterling pled guilty to grand theft and battery, and the state dropped other counts. The agreement provided that Sterling would be sentenced to seven months in the Orange County Jail with credit for 129 days and that he would pay a $100.00 fine, court costs, and a $100.00 public defender lien. The court orally pronounced that sentence. There was nothing in the plea agreement or sentence that mentioned probation.
The state thereafter filed a motion to "clarify" the sentence. A hearing was held, two weeks after the original sentencing, and on the day that Sterling's original sentence should have expired. The state asked the court to include a provision that Sterling have no contact with the victim in the case. The court pointed out that there was no way it could enforce such a no contact provision, since the plea bargain and sentence had contained no term of probation. Over objection of defense counsel, the court offered Sterling two alternatives: withdraw his plea, remain in jail and go to trial, or accept a condition of probation for one year that he have no contact with the victim. Faced with this Hobson's choice, Sterling elected probation.
Florida Rule of Criminal Procedure 3.800(b) allows for a modification of a legal sentence. However, a trial judge may not, pursuant to powers to modify, increase the original sentence given. Troupe; Committee Notes to 1980 Amendment of Rule 3.800. Imposition of hours of community service at the end of a prison term constitutes an increase in a defendant's sentence. Tessier v. Moe, 485 So.2d 46 (Fla. 4th DCA 1986). The addition of a probationary term also represents an increase in a sentence. Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991); Ayala v. State, 585 So.2d 483 (Fla. 2d DCA 1991); Bickowski v. State, 530 So.2d 470 (Fla. 5th DCA 1988).
The state argues that Sterling waived his right to object to the increase in sentence, by accepting the condition of probation. However, a party cannot stipulate to jurisdiction when a court lacks it. White v. State, 404 So.2d 804 (Fla. 2d DCA 1981). Accordingly, we strike the condition of probation which the trial court added, after the hearing on the state's motion to "clarify" the sentence. The trial court at that point lacked jurisdiction to make Sterling's sentence a harsher one in any regard.
Condition of Probation STRICKEN.
COBB and HARRIS, JJ., concur.