741 So.2d 1150 (1999)
Robert KNAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04980.
District Court of Appeal of Florida, Second District.
August 20, 1999.
*1151 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert Knapp, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
The public defender filed an Anders[1] brief in Robert Knapp's appeal, advising that it presented no meritorious issues warranting reversal, but drawing our attention to the trial court's admission of Williams[2] rule evidence and its imposition of a habitual violent felony offender sentence. Knapp then filed a pro se brief, challenging the court's refusal to permit him to peremptorily strike an African-American woman from the jury. He also claimed the court erred in resentencing him some seven months after it originally imposed sentence. We agree that the resentencing was error. We vacate the amended sentence and remand with directions to reimpose the original sentence. We find no merit in the other contentions raised by the public defender and Knapp, and affirm without further discussion.
The circuit court originally sentenced Knapp on October 27, 1995. Knapp filed a notice of appeal in that court on November 22, 1995. Curiously, this notice does not appear in the record on appeal. It was, however, date stamped by the circuit court clerk and sent to this court, which received it on December 18, 1995. On May 10, 1996, the judge resentenced Knapp while his appeal was pending. She had no jurisdiction to do so; the circuit court lost jurisdiction over Knapp when he filed his notice of appeal. See Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983). We presume the court did not know about *1152 the appeal because the notice is somehow absent from its records.[3]
On remand, the judge must reimpose the original sentence. We realize that the court resentenced Knapp because it believed that the original sentence was illegal. It had sentenced him as a habitual violent felony offender but had not imposed minimum mandatory terms. The record contains a letter from the Department of Corrections to the judge advising that she was statutorily required to impose a minimum mandatory term when sentencing a defendant under section 775.084(4)(b), Florida Statutes (1993). Although that was the law in this district in 1995, see Sims v. State, 605 So.2d 997 (Fla. 2d DCA 1992), it is no longer. The supreme court, in State v. Hudson, 698 So.2d 831 (Fla.1997), ruled that trial courts have discretion whether to impose minimum mandatory terms under section 775.084(4)(b). Because Hudson was decided during the pendency of Knapp's appeal, he receives the benefit of that decision. See Smith v. State, 598 So.2d 1063 (Fla. 1992). Thus, we hold that the original sentence imposed was not illegal. Cf. Sims.
Once a defendant begins serving a legal sentence, a court may not increase his sentence because to do so would violate double jeopardy. See Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Harris v. State, 734 So.2d 1154 (Fla. 2d DCA 1999). Therefore, we vacate Knapp's amended sentence because the court lacked jurisdiction to impose it, and we remand with directions to reimpose the original sentence without the minimum mandatory terms. The Department of Corrections must correct its records to reflect that Knapp is not sentenced to any minimum mandatory terms in this case.
Affirmed in part, sentence vacated and remanded.
WHATLEY, A.C.J., and DAVIS, J., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Williams v. State, 110 So.2d 654 (Fla.1959).
[3] We further note that if an appeal had not been filed, the circuit court would also have been without jurisdiction to resentence Knapp. Under the 1995 version of Florida Rule of Criminal Procedure 3.800(b), the court loses jurisdiction to modify a sentence after 60 days, if an appeal has not been filed.