988 So.2d 70 (2008)
Aaron LINNON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1055.
District Court of Appeal of Florida, Second District.
July 16, 2008.
Rehearing Denied August 26, 2008.
*71 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Aaron Linnon appeals his conviction for attempted second-degree murder and his sentence to a mandatory minimum term of twenty-five years in the state prison. We affirm Mr. Linnon's conviction. However, because the trial court erred in amending the sentence to add the mandatory minimum term during the pendency of Mr. Linnon's appeal and after he had begun serving the sentence originally imposed, we reverse the amended sentence and remand with instructions to strike the twenty-five-year mandatory minimum term.

THE PROCEDURAL BACKGROUND
The State charged Mr. Linnon with attempted first-degree murder involving the actual possession and discharge of a firearm that caused great bodily harm to the victim, in violation of sections 782.04(1), 777.04, and 775.087(2)(a)(3), Florida Statutes (2005). The date of the alleged offense was May 12, 2006. A jury found Mr. Linnon guilty of the lesser included offense of attempted second-degree murder, sections 777.04 and 782.04(2). The jury also found that Mr. Linnon had possessed and discharged a firearm during the commission of the offense, causing great bodily harm to the victim. The jury's findings invoked the provisions of section 775.087(2)(a)(3) that required the imposition of a mandatory minimum term of twenty-five years.
Mr. Linnon was before the trial court for sentencing on February 14, 2007. According to the sentencing transcript, the trial court sentenced Mr. Linnon "in accordance with the 10-20-Life statute" to "25 years less credit for time served." However, the trial court's oral pronouncement of sentence did not include the imposition of the mandatory minimum term. After the trial court had completed the oral pronouncement of sentence, the prosecutor asked the trial court to order that Mr. Linnon and his family have no contact with the victim and one of the State's trial witnesses. But the prosecutor made no objection to the trial court's omission to apply the mandatory minimum term to Mr. Linnon's twenty-five-year sentence in accordance with the provisions of section 775.087(2)(a)(3). Mr. Linnon's written sentence was consistent with the trial court's *72 oral pronouncement. On March 7, 2007, Mr. Linnon filed his notice of appeal.
On March 16, 2007, approximately one month after the sentencing hearing, the State filed a "motion to correct and/or clarify sentence." In its motion, the State observed that section 775.087(2)(a)(3) required that Mr. Linnon be sentenced to a mandatory minimum term of twenty-five years, but the court minutes, the written sentence, and the transcript of the sentencing hearing did not reflect that the required mandatory minimum sentence had been imposed. The State concluded its motion by requesting the trial court to correct Mr. Linnon's sentence "to reflect the minimum/mandatory sentence required by the statute."
On March 26, 2007, the trial court conducted a hearing on the State's motion. Noting that the omission to impose the mandatory minimum sentence at the earlier sentencing hearing was the result of an oversight, the trial court concluded that it "ha[d] jurisdiction to correct an illegal sentence." The trial court granted the State's motion and ruled that it would "correct the record" to indicate that Mr. Linnon's twenty-five-year term of imprisonment was a mandatory minimum sentence. On the same day, the trial court entered an amended judgment and sentence indicating that Mr. Linnon's sentence was subject to the mandatory minimum provisions of section 775.087(2)(a)(3).

DISCUSSION

A. Introduction
On appeal, Mr. Linnon raises two points concerning his conviction for attempted second-degree murder. These points are without merit and do not warrant further mention. Accordingly, we limit our discussion to Mr. Linnon's challenge to the trial court's decision to amend his sentence to reflect the mandatory minimum requirement of section 775.087(2)(a)(3). We conclude that the trial court erred in amending Mr. Linnon's sentence to include the mandatory minimum requirement for three reasons: (1) the trial court lacked jurisdiction to resentence Mr. Linnon during the pendency of his appeal, (2) the trial court could not grant the State's motion to correct sentence because the motion was unauthorized, and (3) the principles of double jeopardy barred the trial court from adding the mandatory minimum term. We will discuss these reasons below.

B. The Effect of the Notice of Appeal
The trial court granted the State's motion to correct sentence and resentenced Mr. Linnon after he had filed his notice of appeal. A trial court loses jurisdiction to resentence a defendant after the defendant files a notice of appeal. Knapp v. State, 741 So.2d 1150, 1151 (Fla. 2d DCA 1999). Consequently, the trial court lost jurisdiction over Mr. Linnon when he filed his notice of appeal on March 7, 2007. Thus Mr. Linnon's amended sentence must be vacated because the trial court lacked jurisdiction to impose it. Id. at 1152.

C. The Unauthorized Motion
The trial court erred in granting the State's motion under Florida Rule of Criminal Procedure 3.800 because the motion was unauthorized. As Mr. Linnon points out, the motion did not identify the specific subdivision of the rule on which the State relied as its authority for filing the motion. Rule 3.800 prohibits a party from filing a motion under subdivision (a) "during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal." Fla. R.Crim. P. 3.800(a). Because the record indicates that the State's motion was filed *73 during the time allowed for filing a motion under rule 3.800(b)(1) and that an appeal was pending, the State's motion was unauthorized under rule 3.800(a). See King v. State, 891 So.2d 1067, 1068 (Fla. 2d DCA 2004).
The State is authorized to file a motion to correct sentencing error under rule 3.800(b) "only if the correction of the sentencing error would benefit the defendant or to correct a scrivener's error." Fla. R.Crim. P. 3.800(b); see King, 891 So.2d at 1068. As in Delemos v. State, 969 So.2d 544, 550 (Fla. 2d DCA 2007), the addition of the mandatory minimum term did not benefit Mr. Linnon. To the contrary, the original sentence imposed on Mr. Linnon did not include the mandatory minimum term. The trial court's omission to apply the mandatory minimum term in its oral pronouncement of sentence is not a scrivener's error that would permit a resentencing to increase Mr. Linnon's sentence. See id. at 551. Consequently, the State's motion was unauthorized under rule 3.800(b).
Finally, rule 3.800(c) does not provide any support for the State's position. Under the third subdivision of the rule, a trial court has discretion to give the defendant a more favorable incarcerative sentence. Delemos, 969 So.2d at 549. The power to modify a sentence under rule 3.800(c) does not authorize a trial court to increase a defendant's sentence. See Sterling v. State, 682 So.2d 694, 695 (Fla. 5th DCA 1996).[1]

D. Double Jeopardy
Mr. Linnon next argues that the prohibition against double jeopardy precluded the trial court from adding the mandatory minimum term to his original sentence, citing this court's decision in Delemos. In Delemos, this court said:
[D]ouble jeopardy bars an increase in a sentence once it is imposed and the defendant begins serving it, at least in the absence of a proper appeal, "even if the original sentence was illegal or otherwise erroneous and the correction conforms to applicable law or to the court's and parties' intentions at sentencing." Pate v. State, 908 So.2d 613, 614 (Fla. 2d DCA 2005). Under those circumstances, the State is compelled to object and appeal the sentence or the sentence stands as originally imposed. See also Oliver v. State, 727 So.2d 271, 272 (Fla. 4th DCA 1999) (holding that a rule 3.800(a) motion cannot serve as a substitute for the state filing a proper appeal of a sentence imposed in error).
969 So.2d at 550; see Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003) (stating that once a sentence has been imposed and the defendant has begun to serve the sentence, the defendant's sentence may not be increased without violating double jeopardy principles); Knapp, 741 So.2d at 1152 (same).
Mr. Linnon was resentenced on March 26, 2007, after he had begun serving the original sentence imposed on February 14, 2007. See Ashley, 850 So.2d at 1266-67 (finding that the defendant had begun to serve his sentence when he was resentenced three days after the original sentencing proceeding). The prosecutor's only response to the trial court's oral pronouncement of sentence was to request a no-contact order. Because the State never objected to the oral pronouncement of sentence that omitted the mandatory minimum *74 term, the sentence must stand as originally imposed.

CONCLUSION
For these reasons, we reverse the amended sentence and remand with directions to strike the mandatory minimum term from Mr. Linnon's sentence and to reinstate the original sentence that was orally pronounced and imposed. In all other respects, we affirm Mr. Linnon's judgment and sentence.
Judgment affirmed, sentence reversed in part, and case remanded with instructions.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] The court's opinion in Sterling refers to subdivision (b) of rule 3.800. Subdivision (b) was subsequently redesignated as subdivision (c) in the amendments to rule 3.800 that became effective July 1, 1996. See Amendments to Fla. Rule of App. P. 9.020(g) & Fla. Rule of Crim. P. 3.800, 675 So.2d 1374, 1375 (Fla.1996).