GRIFFIN, J.
 

 Gerrell Smith [“Smith”] appeals his judgment and sentence for one count of aggravated battery (deadly weapon) and four counts of aggravated assault (deadly weapon). He raises several issues on appeal. We find merit in only one — that the trial court erred by entertaining and ruling on the State’s rule 3.800(a) motion to correct illegal sentences imposed on Counts II-V during the pendency of appeal.
 

 After sentencing, Smith filed his notice of appeal on November 22, 2010. Thereafter, on April 20, 2011, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), Smith filed a motion to correct sentencing error with respect to Count I, the aggravated battery count.
 

 On June 2, 2011, pursuant to Florida Rule of Criminal Procedure 3.800(a), the State filed a motion to correct illegal sentence with respect to each of Counts II-V, the four counts of aggravated assault. Shortly thereafter, on June 7, 2011, after hearing argument from the parties, the trial court found that the sentences for the aggravated battery count, as well as the sentence for each of the four aggravated assault counts, were illegal. The court vacated the sentences and re-sentenced Smith to fifteen years in the Department of Corrections, with a three-year mandatory minimum term on the aggravated battery count, and to twenty years in the Department of Corrections, with a twenty-year mandatory minimum term on each of the four counts of aggravated assault, to run concurrent with each other and with the sentence for the aggravated battery count.
 

 Smith correctly asserts on appeal that the State was not permitted to file a motion to correct the illegal sentences under Florida Rule of Criminal Procedure 3.800(a) because the rule expressly forbids the filing of such a motion during the pendency of the appeal. Absent such authority, the trial court lacks jurisdiction to correct the sentence.
 
 Linnon v. State,
 
 988 So.2d 70, 72 (Fla. 2d DCA 2008). Accordingly, we vacate the corrected sentences and remand so that the State may file its motion in compliance with the rule.
 

 SENTENCE VACATED and REMANDED.
 

 TORPY and LAWSON, JJ., concur.