NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KIMBERLY CARUSO, )
)
    Appellant, )
)
v. )    Case No. 2D16-5185
)
STATE OF FLORIDA, )
)
    Appellee. )
_____)

Opinion filed February 13, 2019.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Robert P. Harris of Robert Harris Law
Firm, Fort Myers, for Appellant.

Ashley Brooke Moody, Attorney
General, Tallahassee, and C. Todd
Chapman, Assistant Attorney General,
Tampa, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

On this appeal of the final judgment, sentence, and order of probation,

Kimberly Caruso challenges the trial court's denial of her presentencing motion to

withdraw her no contest plea to DUI manslaughter. We reject those challenges without

further comment and affirm.

We do, however, address another matter that has come to our attention. After Caruso filed her notice of appeal in this case, the State moved in the trial court to modify Caruso's sentence—fourteen years' imprisonment followed by six years' probation—to include a four-year mandatory minimum term of imprisonment. Caruso's filing of the notice of appeal, however, vested this court with jurisdiction over the judgment and sentence, see Knapp v. State, 741 So. 2d 1150, 1151 (Fla. 2d DCA 1999), and this court did not relinquish jurisdiction for any purpose. Nonetheless, the trial court orally granted the State's motion while this appeal was pending and entered an amended judgment and sentence that included the four-year mandatory minimum term. The court had not retained jurisdiction to consider the State's motion pursuant to Florida Rule of Criminal Procedure 9.600(d) because the motion was not authorized under Florida Rule of Criminal Procedure 3.800(b)(2): it sought neither to benefit Caruso nor, in light of the court's failure to orally pronounce the mandatory minimum term at sentencing, to correct a scrivener's error. See Linnon v. State, 988 So. 2d 70, 72-73 (Fla. 2d DCA 2008).

The trial court, therefore, lacked jurisdiction to amend the judgment and sentence while it was on appeal to this court. See id. at 72 (citing Knapp, 741 So. 2d at 1151-52); see also Kessler v. City of Naples, 779 So. 2d 378, 379 (Fla. 2d DCA 2000) (sua sponte vacating order that trial court had entered without jurisdiction in light of separate pending appeal); Duncan v. Duncan, 598 So. 2d 205, 207 (Fla. 2d DCA 1992) ("[A] trial court does not have jurisdiction to enter an order which modifies the substance of a final judgment after a party files a notice of appeal."). And, having done so, it has interfered with our jurisdiction. Cf. Schultz v. Schickedanz, 884 So. 2d 422, 424 (Fla.

4th DCA 2004) ("[A] trial court is divested of jurisdiction upon notice of appeal <u>except</u> with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court." (alteration in original) (quoting <u>Palma Sola Harbour Condo., Inc. v. Huber</u>, 374 So. 2d 1135, 1138 (Fla. 2d DCA 1979))).  Accordingly, we affirm the trial court's original judgment, sentence, and order of probation and remand for vacatur of the amended judgment and sentence.  Our remand for vacatur is not a comment on the merits of the State's motion and is without prejudice to the State's seeking appropriate relief, if any, following the issuance of the mandate in this appeal.

Affirmed; remanded with instructions.

LaROSE, C.J., and KHOUZAM, J., Concur.